**GOVERNMENT OF the VIRGIN ISLANDS**

v.

**LEYCOCK, Gerald L., Appellant.**

**No. 82–3151.**

United States Court of Appeals, Third Circuit.

Argued April 29, 1982.
Decided May 20, 1982.

Lolita d'Jones (argued), Asst. Federal Public Defender, Christiansted, St. Croix, U. S. V. I., for appellant.

Ishmael A. Meyers, U. S. Atty., Fabian D. Henry (argued), Asst. U. S. Atty., Christiansted, St. Croix, U. S. V. I., for appellee.

Before GARTH, ROSENN and HIGGINBOTHAM, Circuit Judges.

## OPINION SUR MOTION FOR RELEASE PENDING APPEAL

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

Gerald Leycock seeks an order granting him bail pending his appeal from a judgment of conviction and sentence entered by the district court of the Virgin Islands on charges of grand larceny and robbery in the first degree. The district court denied Leycock's petition for habeas corpus which sought bail pending appeal. We will treat Leycock's appeal of the district court's order as an appeal of a denial of a motion for release pending appeal[1] and we will remand the case for further proceedings in the district court.

Leycock and a co-defendant were arrested on November 21, 1981 and charged with the armed robbery of more than $30,000 worth of jewelry. Leycock was 19 at the time, and, according to his counsel, had no prior criminal record, juvenile or otherwise. Leycock currently lives with his paternal grandmother in St. Croix, where he has resided continuously except for one year in 1978–79 when he lived in Texas with an aunt. Pending trial, he was released on a $20,000 property bond, which was posted by a member of the community.

On January 27, 1982, Leycock was convicted by a jury of two counts of grand larceny and one count of first-degree robbery. At trial, two female salespersons from whom the jewelry was taken identified Leycock as one of the two armed robbers. The district court immediately revoked Leycock's bail pending sentencing. On February 24, 1982, Leycock was given concurrent sentences of eight years' imprisonment on each count. On March 23, 1982, Leycock, through his counsel, filed a petition for a writ of habeas corpus in the district court in which he renewed an earlier (oral) request for bail pending appeal. The district court denied the petition without hearing on March 26, finding that:

> Defendant Leycock ... [is] (1) a danger to the community, in particular to the three eyewitnesses who testified against him and (2) a prime candidate for flight, in view of the time he spent on the mainland and the easy opportunity to return there if freed on bail. . . . [N]one of the conditions of release provided for in 18 U.S.C. § 3146 will reasonably assure that defendant Leycock will not flee or pose a danger to any other person.

■ The case arrives in this court in something of a procedural tangle. The defendant's application to the district court for bail pending appeal should have been made pursuant to Rule 9, Federal Rules of Appellate Procedure, rather than as a petition for a writ of habeas corpus. Rule 9 provides in pertinent part:

> Rule 9. *Release in Criminal Cases*
>
> . . . .
>
> (b) *Release Pending Appeal from a Judgment of Conviction.* Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion.
>
> (c) *Criteria for Release.* The decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. § 3148. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

We have jurisdiction over an appeal for a denial of bail pending appeal under 28

---

1. Leycock's direct appeal, No. 82–3150, is pending before this court.

U.S.C. § 1291,[2] regardless of how the appeal is denominated, and we will, in the interests of expedition, treat the defendant's appeal from the denial of habeas relief as an appeal from a denial of a motion for release pending appeal.[3]

The Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3148 (1976) governs both our consideration and the district court's consideration of Leycock's application. The Act includes a strong presumption of a defendant's right to bail pending appeal.

> A person.... who has been convicted of an offense and ... has filed an appeal ... shall be treated in accordance with the provisions of section 3146 [affording a right to bail generally] unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community.

18 U.S.C. § 3148.

As this court has noted, "[g]iven this statutory responsibility to set whatever restrictions on release are necessary to ensure against an applicant's flight or potential danger, bail should be denied under the Bail Reform Act only as a matter of last resort." *United States v. Provenzano*, 605 F.2d 85, 94 (3d Cir. 1979).

The showing made by the defendant in this court reveals the following: He has had no prior criminal convictions, there is no indication in the record that he failed to appear at any scheduled court proceeding, and his original bail was posted by a member of the community who is willing to renew that support on appeal. The defendant has also presented an affidavit to this court which, unfortunately, was not presented to the district court. That affidavit, from a defense investigator who interviewed the complaining witnesses, indicates that the complaining witnesses have never seen, much less heard from, the defendant since his arrest, other than at scheduled court proceedings. Perhaps if the district court had had the benefit of the affidavit presented to us its conclusion that the defendant posed a danger to witnesses would have been different. Certainly, the defendant had as much, and perhaps more, incentive to contact witnesses before trial as he does during appeal. That he did not attempt to do so somewhat supports his argument that he is not a threat to their safety. Moreover, there may not be any empirical basis for the district court's assumption that, because the defendant once spent some time on "the mainland," the risk of flight is significantly increased. If the *opportunity* for flight were a reason to deny bail, virtually any defendant living in an area served by interstate public transportation could be denied bail for that reason.

Although the defendant has, as we noted, made a showing that suggests that release pending appeal may be appropriate, we do not think it proper, on the facts of this case, to order his release at this point. Rather, we think that the district court should have the benefit of an evidentiary presentation by the defendant so that it can evaluate the defendant's application on a full record. Further consideration by the district court is appropriate for at least two reasons. First, Rule 9 contemplates that the defendant bear the burden of showing in the district court that he is neither a threat to the community nor a threat to flee, *see especially* Rule 9(c), Fed.R.App.P., a burden which the defendant did not fully attempt to meet in his initial application to the

---

**2.** *See Stack v. Boyle*, 342 U.S. 1, 6, 72 S.Ct. 1, 4, 96 L.Ed. 3 (1951).

**3.** Rule 2, Fed.R.App.P., provides:
*Suspension of Rules*
In the interest of expediting decision, or for other good cause shown, a court of appeals may, except as otherwise provided in Rule 26(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.
As the Advisory Committee on Appellate Rules notes, Rule 2 is "a general authorization to the courts to relieve litigants of the consequences of default where manifest injustice would otherwise result."

district court.[4] Second, the district court is far better suited than we to develop a record on which to base a decision which will protect the interests of both parties. As we observed in *United States v. Provenzano*, 605 F.2d at 91:

> The justification for such a requirement [that initial application for release pending appeal be made to the district court] stems from the trial court's superior capacity, at least in the first instance, to gather and sift the pertinent information necessary to the correct determination of motions for release pending appeal.

■ We have the power to decide the defendant's motion upon consideration of evidence not submitted to the district court, see *United States v. Provenzano*, 605 F.2d at 93, but this case is one of the perhaps unusual cases where further consideration by the district court—the court more intimately familiar with the defendant's background and the facts of this case—is essential to a proper balancing of the interests of the defendant and the community. Although we think that on these facts the best procedure would be for the district court to hold an evidentiary hearing on the motion, at which both the defendant and the Government would have the opportunity to present evidence, we will leave the decision of how best to develop the record to the district court, as contemplated by Rule 9.

We will therefore remand the case to the district court for further proceedings consistent with this opinion. Because the very nature of this proceeding, being an application for bail pending appeal, requires immediate attention, we urge the district court to give the highest priority to the proceedings which we have ordered. We will also direct that the mandate issue immediately upon the entry of judgment, and that any appeal or motion which may be filed in this court as a result of the further proceedings before the district court shall be heard by this panel.

---

4. Perhaps the reason that the defendant did not offer extensive evidence, by affidavit or otherwise, in the district court was that counsel believed that the petition for habeas corpus would be decided after hearing. See 28 U.S.C. § 2255. As we have noted, the defendant's petition was denied without hearing.