**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Constanza PERDOMO,**
**Defendant-Appellant.**

**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Constanza PERDOMO,**
**Defendant-Appellee.**

**Nos. 84–1357, 85–1024.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 1985.

Decided July 15, 1985.

As Amended Sept. 6, 1985.

Martin Healey, Asst. U.S. Atty., San Francisco, Cal., for the U.S.

Law Offices of Stephen J. Heiser, Stephen J. Heiser, San Francisco, Cal., for Constanza Perdomo.

Before WRIGHT, HUG and HALL, Circuit Judges.

ORDER

Appellant was convicted of two counts of possession with intent to distribute cocaine, and one count of conspiracy to distribute cocaine. Bail pending appeal was continued on the same terms as had existed throughout the proceedings. On January 4, 1985, the district court denied the Government's motion for reconsideration of the order continuing bail. The Government appealed pursuant to 18 U.S.C. § 3145(c).

In response to the Government's motion to expedite the appeal, the court ordered that it file a motion for revocation of bail pending appeal, to be treated in accordance with Fed.R.App.P. 9(b) and Ninth Cir.Rule 8. On May 1, 1985, the court denied the Government's motion. Because there was a question regarding the court's jurisdiction to hear the underlying direct appeal, the parties were directed to file supplemental memoranda. In its response, the Government suggested that the motion to revoke bail had been denied for lack of jurisdiction. On June 7, 1985, the court issued an order stating that jurisdiction was not lacking in the direct appeal, and that the motion to revoke bail had been denied on the merits.

The Government now moves the court for an order allowing full briefing and review of the bail issue or for modification of the order denying the motion to revoke bail. The Government persists in its theory that the motion was denied initially for lack of jurisdiction, despite the direct reference to relevant docket numbers in the court's orders. The Government contends that this court has not treated requests for review of bail orders consistently: that defendants are allowed full briefing and oral argument but the Government is forced to proceed by way of motion. The Government also contends that the statutory language in 18 U.S.C. § 3145(c), providing that an "appeal" may be taken from a release or detention order, requires that the appeal be fully briefed and argued rather than decided by motions procedures.

In reviewing release or detention orders, whether pretrial or post-conviction, this court has consistently directed both defendants and the Government to proceed in accordance with the procedures set forth in Fed.R.App.P. 9. Rule 9 provides that an appeal from an order respecting release or detention prior to judgment of conviction, or a motion for release or modification of conditions of release pending appeal, shall be determined promptly, after reasonable notice to the appellee, upon such papers, affidavits, and portions of the record as the parties shall present. Fed.R.App.P. 9(a) and (b). The use of the term "appeal," with reference to pretrial matters, as opposed to "motion," with reference to post-conviction matters, is for purposes of jurisdiction only. *See* Fed.R.App.P. 9(b), Advisory Committee Note. The Advisory Committee Note states that "the motion [under subsection b] is functionally identical with the appeal regulated by subdivision (a) and requires the same speedy determination if relief is to be effective. Hence the similarity of the procedure outlined in the two subdivisions." Fed.R.App.P. 9(b), Advisory Committee Note.[1]

The Legislative History of the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., explicitly reaffirms the practice of handling review of release or detention orders according to the procedures set forth in Rule 9. "The procedures for such appeals, which are set forth in Rule 9 of the Federal Rules of Appellate Procedure, are designed, as stressed in the advisory notes, to facilitate speedy review if relief is to be effective." S.Rep. No. 98–225, 98th Cong., 2d Sess 1, 29 n. 92, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3212 n. 92; *see United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir.1985). Accordingly, the Government is incorrect in its argument that it is entitled to full briefing and oral argument on its motion to revoke appellant's bail pending appeal.

---

**1.** Although Fed.R.App.P. 9(a) and (b) require the district court to provide a written statement of reasons for its decision, a written statement is *not* required of the court of appeals. In this case the district court's reasons for continuing bail pending appeal are stated in the transcript of the bail hearing. We agree with the reasoning of other circuits that a statement of reasons in the transcript before the district court satisfies the writing requirement of Fed.R.App.P 9(a) and (b). *See, e.g., United States v. Provenzano*, 605 F.2d 85, 88 n. 5 (3d Cir.1979); *United States v.*

*Stanley*, 469 F.2d 576, 585 (D.C.Cir.1972); *United States v. Cramer*, 451 F.2d 1198, 1199 (5th Cir.1971); *United States v. Manarite*, 430 F.2d 656, 657 (2d Cir.1970). Although the better practice is for the district court to set out its reasons for a bail decision in a separate writing, where the record before us provides an adequate basis for review, a remand to the district court for separate written findings would impermissibly frustrate the objective of Fed.R.App.P. 9 to provide speedy review of bail decisions.

The Bail Reform Act of 1984 has not changed the practice of determining appeals from release or detention orders in accordance with Fed.R.App.P. 9. In fact, the Act expressly reaffirms that practice. The Government's motion for full briefing and review of the bail issue or for modification of the order denying revocation of bail is denied.