**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dorothy WHEELER,
Defendant-Appellant.**

**No. 86–1126.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 2, 1986.

Decided July 28, 1986.

Rodolfo Orjales, San Francisco, Cal., for plaintiff-appellee.

G. William Hunter, Hunter & Anderson, Oakland, Cal., for defendant-appellant.

Before KOELSCH, FERGUSON, and REINHARDT, Circuit Judges.

## ORDER

Defendant Dorothy Wheeler was sentenced to five years imprisonment to be followed by a five-year special parole term. At the close of the sentencing hearing, the district court denied Wheeler's motion for bail pending appeal. The district court neither made written findings nor provided a transcript of oral reasons for the denial. Wheeler now requests that this court release her on bail pending appeal of her conviction.

### I.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), a defendant is to be incarcerated pending appeal unless the court finds:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;

(2) that the appeal is not for the purpose of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.1985) (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), and *United States v. Miller*, 753 F.2d 19, 24 (3d Cir.1985)). Wheeler bears the burden of showing that she is not a flight risk or a danger to any other person or to the community. *See* Fed.R.App.P. 9(c). A "substantial question" is one that is fairly debatable or fairly doubtful. *Handy*, 761 F.2d at 1283.

Fed.R.App.P. 9(b) requires that "the [district] court shall state in writing the reasons" for refusing release pending ap-

peal. The district court satisfies the writing requirement by issuing written findings or by stating the reasons for the decision orally and providing a transcript. *See United States v. Perdomo*, 765 F.2d 942, 943 n. 1 (9th Cir.1985); *United States v. Provenzano*, 605 F.2d 85, 88 n. 5 (3d Cir. 1979); *United States v. Fields*, 466 F.2d 119, 121 n. 3 (2d Cir.1972).

Rule 9(b)'s writing requirement "performs a vital mission," *United States v. Jackson*, 417 F.2d 1154, 1156 (D.C.Cir. 1969), both for litigants on appeal and for appellate courts. Only if provided with reasons for the district court's decision can an appellant intelligently renew a bail motion in the court of appeals. *Id.* Without specific findings, we cannot effectively and efficiently review a bail motion decision. *See United States v. Affleck*, 765 F.2d 944, 954 (10th Cir.1985); *United States v. Stanley*, 469 F.2d 576, 584 (D.C.Cir.1972) ("Without elucidation of the basis for the judge's action, we cannot fairly evaluate the merits of either the application or the judge's decision thereon.").

 Moreover, a district court's reasons for its decision must be adequately explained; conclusory statements are insufficient. *See Stanley*, 469 F.2d at 585 (judge must fairly explain ruling so that it may be intelligently reviewed); *Fields*, 466 F.2d at 121 (reasons must be stated with particularity); *United States v. Thompson*, 452 F.2d 1333, 1336 n. 7 (D.C.Cir.1971) ("A mere parroting of the provisions of the applicable statute is not an adequate substitute for a full statement of reasons."), *cert. denied*, 405 U.S. 998, 92 S.Ct 1251, 31 L.Ed.2d 467 (1972); *United States v. Manarite*, 430 F.2d 656, 657 (2d Cir.1970) (extensive colloquy without a concluding statement of reasons for decision insufficient).

 If a district court fails to comply with Rule 9(b), we will remand for the proper written findings, *United States v. Wong-Alvarez*, 779 F.2d 583, 585 (11th Cir.

1985); *United States v. Bishop*, 537 F.2d 1184, 1185–86 (4th Cir.1976); *United States v. Briggs*, 472 F.2d 1229, 1230 (5th Cir. 1973); *Jackson*, 417 F.2d at 1156–57, unless we are satisfied that we should grant bail in accordance with Fed.R.App.P. 9(b) (appellate court may order release of appellant pending appeal "upon such papers, affidavits, and portions of the record as the parties shall present").[1] In this case, we have neither the required Rule 9(b) written statement of reasons for denying release or a transcript reciting oral reasons by the district court, nor any sufficient basis for making a bail decision. We therefore remand to the district court with instructions that it provide a Rule 9(b) statement within ten days after this order is filed.

REMANDED.

---

1. When we are satisfied that bail should be granted, this court may enter the proper order pursuant to Fed.R.App.P. 9(b). Such an order may be appropriate in certain cases when fur-

ther confinement of appellant during a remand of the bail motion would only frustrate the goals of the bail provisions. *See Virgin Islands v. Leycock*, 678 F.2d 467, 469 (3d Cir.1982).