**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Raul FERNANDEZ–ALFONSO, Defendant-Appellant.**

No. 86–1331.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1987.

Decided May 4, 1987.

Thomas Green, Las Vegas, Nev., for plaintiff-appellee.

Kevin M. Kelly, Las Vegas, Nev., for defendant-appellant.

For majority opinion, see 9th Cir., 813 F.2d 1571.

Before FLETCHER, WIGGINS and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

I concur in the result reached by the majority; however, I cannot agree with its analysis in the remedy section. I do not feel that the majority adequately deals with the district court's finding that no conditions could be fashioned to assure Fernandez-Alfonso's appearance. If this finding was proper, then it is inappropriate to require the district court to consider release conditions as it has already found that no conditions can be fashioned to assure Fernandez-Alfonso's appearance. However, if this finding was erroneous, it does not impede remand for consideration of release conditions. As the following discussion demonstrates, this finding was erroneous because the district court arrived at it without first examining the effectiveness of the release conditions suggested by Fernandez-Alfonso as an alternative to detention.

18 U.S.C. § 3142(e) states: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required ... if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act...." The district court made such a probable cause finding which triggered the presumption and thus its finding that no conditions would reasonably assure Fernandez-Alfonso's appearance. The district court did not, however, address Fernandez-Alfonso's attempts to rebut the presumption. In his Motion to Revoke or Amend the Order of Detention, Fernandez-Alfonso mentioned that bail would be an appropriate release condition. During the October 24 hearing, Fernandez-Alfonso's counsel stated that imposition of the following conditions would be a reasonable alternative to detention: bail, daily reporting, monitoring drug and alcohol consumption, requiring prior approval to leave the county, and requiring Fernandez-Alfonso to maintain employment. The district court failed to discuss the viability of any of these conditions, although it did make numerous findings demonstrating that Fernandez-Alfonso poses a great risk of flight.

The lack of reasons for the district court's conclusion that no conditions can be fashioned to assure Fernandez-Alfonso's appearance at trial precludes complete review by this court. The legislative history to the Bail Reform Act states that the procedures for review of a detention order under 18 U.S.C. § 3145(b) are governed by Federal Rule of Appellate Procedure 9. S. Rep. No. 98–225, 98th Cong., 2d Sess. 1, 29, n. 92, *reprinted in* 1984 U.S. Code Cong. and Admin. News, 3182, 3212 n. 92; *see also United States v. Perdomo,* 765 F.2d 942, 943 (9th Cir.1985). Rule 9(a) requires that the district court "state in writing the reasons for the action taken" when it enters "an order refusing or imposing conditions of release."

The district court failed to discuss the conditions proffered by Fernandez-Alfonso to rebut Section 3142(e)'s presumption, either in its written order or orally on the record. *See United States v. Wheeler,* 795 F.2d 839, 841 (9th Cir.1986); *Perdomo,* 765 F.2d at 943 n. 1. "Without specific findings, we cannot effectively and efficiently review [the district court's order]." *Wheeler,* 795 F.2d at 841. The district court's failure to comply with Rule 9(a) requires remand for the proper findings. *Id.; United States v. Wong-Alvarez,* 779 F.2d 583, 585 (11th Cir.1985); *United States v. Briggs,* 472 F.2d 1229, 1230 (5th Cir.1973).

The legislative history of the Bail Reform Act affirms the conclusion that the district court erred by failing to discuss release conditions. Senate Report No. 98–225 focuses on the balancing of societal interests with a defendant's liberty interest:

> The committee recognizes that a pretrial detention statute may nonetheless be constitutionally defective if it fails to provide adequate procedural safeguards or if it does not limit pretrial detention to cases in which it is necessary to serve the societal interests it is designed to protect. The pretrial detention provisions of this section have been carefully drafted with these concerns in mind.

1984 U.S. Code Cong. and Admin. News 3182, 3191. A presumptively innocent defendant has a great liberty interest in avoiding pretrial detention. Thus, the district court must dispose of every alternative before ordering pretrial incarceration under the Bail Reform Act. Because Fernandez-Alfonso attempted to rebut Section 3142(e)'s presumption, Rule 9(a) and the legislative history require that the district court discuss conditional release. Its failure to do so makes its finding that no conditions could be fashioned to assure Fernandez-Alfonso's appearance error.

Because the district court erred by finding that no conditions would assure Fernandez-Alfonso's appearance, we may properly remand for a consideration of release conditions. Detention is no longer appropriate and the district court must consider release conditions with this in mind. As neither the court nor the government is guilty of purposeful delay, society has a substantial interest in the imposition of

conditions to insure Fernandez-Alfonso's appearance. Although the presumptively innocent defendant has a liberty interest in the conditions which may be imposed on his release, that interest is not as weighty as it is when he faces incarceration. Thus society's great interest in imposing conditions outweighs the liberty interests of the defendant.