UNITED STATES of America,
Plaintiff–Appellee,

v.

Grigory ZHEREBCHEVSKY, Defendant–
Appellant (Two Cases).

Nos. 87–1393, 88–1099.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 1988.
Decided June 24, 1988.

Before NELSON, NORRIS and
HALL, Circuit Judges.

## ORDER

Appellant timely filed an appeal from his conviction for wire fraud and aiding and abetting. That appeal was assigned docket No. 87–1393. Subsequently, appellant moved the district court for bail pending appeal. On February 24, 1988, the district court denied the motion and ordered appellant to report to the facility designated by the Bureau of Prisons on or before March 4, 1988. On February 26, 1988, appellant filed a notice of appeal from the district court's denial of bail. That appeal was assigned docket No. 88–1099. The district court then stayed appellant's surrender date pending this court's disposition of appeal No. 88–1099.

Appellant has now submitted briefs in both appeals. In appeal No. 88–1099, he states that "[p]ursuant to the local rules of this Circuit, [he] is presently free on bond." Appellant evidently refers to Ninth Cir.R. 9–1.2(d), which provides that when an appellant is on bail at the time a motion for bail is filed in this court, that bail will remain in effect until the court rules on the motion. That rule does not provide, however, that an appellant may simply file a "notice of appeal" from the district court's denial of bail, without more, and expect to remain free on bond for many months past the previously established surrender date. *See id.* Appellant's continued release on bond in this case is due solely to the district court's stay of his surrender date.

This circuit has consistently followed the procedures set forth in Fed.R.App.P. 9(b) in reviewing requests for bail pending appeal. *See United States v. Perdomo,* 765 F.2d 942, 943 (9th Cir.1985). Rule 9 provides that "[a]pplication for release after a judgment of conviction shall be made in the first instance in the district court." Fed.R. App.P. 9(b). If the district court denies release, or imposes conditions of release, the appellant may then move this court for release or modification of the conditions. *Id.* That motion should be filed in the pending direct appeal. *See id.* The motion will be "determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee." *Id.* As we stated in *Perdomo,* the moving party is not entitled to full briefing and oral argument on the issue of bail pending appeal. 765 F.2d at 943.

Accordingly, the court dismisses appeal No. 88–1099 as filed in error. Appellant's brief in No. 88–1099 is construed as a motion for bail pending appeal in No. 87–1393 and is denied. Appellant's bail is hereby revoked. The district court shall forthwith set a new surrender date for appellant.