**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hermie CORDERO, Defendant–Appellant.**

**No. 93–10186.**

United States Court of Appeals,
· Ninth Circuit.

May 10, 1993.

Claire M. Leary, Asst. Federal Public Defender, San Francisco, CA, for defendant-appellant.

Anne E. Kenner, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before BROWNING and RYMER, Circuit Judges.

## ORDER

On April 19, 1993, we issued an unpublished order denying the application to this case of the automatic stay provision of Ninth Circuit Rule 9–1.2(d). On the same day, appellant filed an emergency motion for reconsideration of the court's order, which was denied the following day. We issue this published order to explain the court's decision.

On March 5, 1993, the district court sentenced appellant Hermie Cordero ("Cordero") to imprisonment for a term of 121 months for importation of methamphetamine in violation of 21 U.S.C. § 952(a). The district court's judgment was entered March 11, 1993. On March 15, 1993, Cordero filed a timely notice of appeal and a motion for bail

pending appeal pursuant to Federal Rule of Appellate Procedure 9(b). On March 19, 1993, the district court heard argument on the motion for bail and denied it. The district court ordered Cordero to surrender voluntarily on Monday, April 19, 1993. On Friday, April 16, 1993, Cordero filed a motion for bail pending appeal in this court, and sought a stay of her surrender date pursuant to Ninth Circuit Rule 9–1.2(d), which provides for an automatic stay where the appellant "is on bail at the time the motion for bail pending appeal is filed in this court." *United States v. Fuentes,* 946 F.2d 621, 622 (9th Cir.1991). We decline to issue the stay because appellant has failed to comply with subsections (a) and (b) of Ninth Circuit Rule 9–1.2.

■ Rule 9–1.2(d), providing for an automatic stay, is to be read in conjunction with Rules 9–1.2(a), (b). Rule 9–1.2(a) provides:

A motion for bail pending appeal or for revocation of bail pending appeal, made in this court, shall be accompanied by a copy of the district court's bail order, and, if the movant questions the factual basis of the order, a transcript of the proceedings had on the motion for bail made in the district court. If unable to obtain a transcript of the bail proceedings, the movant shall state in an affidavit the reason why the transcript has not been obtained.

Rule 9–1.2(a) is designed to facilitate expeditious resolution of the bail motion by requiring appellant to provide this court with the portions of the district court's record essential to the proper disposition of the motion. The government must file a written response within 7 days of receipt of the motion. Ninth Cir.R. 9–1.2(c). These rules effectuate the directive of Federal Rule of Appellate Procedure 9(b) that the court of appeals "promptly" determine motions for bail pending appeal.

■ The automatic stay provision of Rule 9–1.2(d) is subject to abuse. If appellant fails to provide this court with a transcript of the bail proceedings,[1] a decision on the bail

---

1. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the

action taken. Fed.R.App.P. 9(b). The district court satisfies this requirement by issuing written findings or by stating the reasons for the decision

motion may be delayed for weeks until the reporter's transcript is prepared. Rule 9–1.2(a) guards against this possibility by requiring counsel to state in an affidavit "the reason *why* the transcript has not been obtained." (Emphasis added).

In the present case, Cordero argued the district court erroneously found her to be a flight risk, and that her mother's poor health constituted an exceptional reason why Cordero's detention would be inappropriate. *See* 18 U.S.C. §§ 3143(b), 3145(c). The motion was accompanied by an affidavit of counsel in which counsel stated no written order or findings were prepared by the district court. Counsel further stated she ordered the transcript of the March 19, 1993 bail hearing on April 1, 1993 and was "informed" by the court reporter that the transcript would be completed by May 4, 1993.

Counsel's affidavit failed to state *why* the reporter's transcript had not been obtained as required by Rule 9–1.2(a). Moreover, counsel failed to explain why she waited until April 1, 1993 to designate the reporter's transcript when the motion was heard by the district court on March 19, 1993. Nor did counsel explain why she did not file a motion to expedite the preparation of the transcript in district court.

Counsel also failed to comply with Rule 9–1.2(b). Like Rule 9–1.2(a), Rule 9–1.2(b) is designed to prevent abuse of the motion for bail pending appeal:

A movant for bail pending appeal shall also attach to the motion a certificate of the court reporter containing the name, address, and telephone number of the reporter who will prepare the transcript on appeal and the reporter's verification that the transcript has been ordered and that satisfactory arrangements have been made to pay for it, together with the estimated date of completion of the transcript. A motion for bail which does not comply with part (b) of this rule will be prima facie evidence

that the appeal is taken for the purpose of delay within the meaning of 18 U.S.C. § 3143(b).

Although counsel submitted a copy of the reporter's transcript and designation form for the March 19, 1993 hearing, counsel did not attach to the motion a verification by the court reporter that the transcript had been ordered and that satisfactory arrangements had been made to pay for it, and a statement of the estimated completion date of the transcript. A hearsay statement by counsel of the estimated completion date of the transcript is insufficient documentation under Rule 9–1.2(b).

Because Cordero has failed to comply with Rules 9–1.2(a)–(b) she is not entitled to the benefit of the automatic stay provision of Rule 9–1.2(d). Appellant is granted leave to file a supplemental memorandum of points and authorities in support of her motion for bail pending appeal upon filing of the reporter's transcript.

---

orally and providing a transcript. *United States v. Wheeler,* 795 F.2d 839, 841 (9th Cir.1986). If the district court does not make written findings and the transcript of the bail hearing is unavailable, the motion is remanded to the district court with instructions that it provide a Rule 9(b) statement. *Id.*