**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Breck M. SWANQUIST, Defendant–
Appellant.**

**No. 97–2702.**

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 8, 1997.

Decided Sept. 17, 1997.*

* This opinion was previously released in typescript form.

Vilija Bilaisis (submitted on brief), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellee.

Edward L. Foote, Winston & Strawn, Chicago, IL, for Defendant–Appellant.

Before CUMMINGS, KANNE, and ROVNER, Circuit Judges.

PER CURIAM.

This matter is before the Court on appellant Breck M. Swanquist's motion for release

pending appeal. After a trial by jury, Swanquist was convicted of 13 out of 16 counts of the Superseding Indictment. Each count charged a violation of 18 U.S.C. § 1014 (false statements to financial institutions in loan or credit applications). Swanquist was sentenced to 24 months incarceration, fined $6000, and assessed $650 in costs.

On June 24, 1997, along with his notice of appeal, Swanquist filed a motion with the district court for release pending appeal, to which the government responded on June 25, 1997. After conducting proceedings on the motion on June 25th and 26th, the district court took the matter under advisement without rendering a decision. On July 29, 1997, in a one-sentence minute order, the district court denied the motion for release pending appeal. The district court's order did not provide any reasons for the denial of Swanquist's motion and there is no transcript of proceedings explaining the district court's reasons. Swanquist reported to the Bureau of Prisons on August 8, 1997.

On August 26, 1997, Swanquist filed a motion with this Court for release pending appeal. Because the district court had failed to provide a statement of its reasons for denying Swanquist's motion for release pending appeal, we remanded this matter to the district court for the limited purpose of allowing that court to make the findings required by 18 U.S.C. § 3142(b) and Federal Rule of Appellate Procedure 9(a). *See* Order of August 27, 1997, as amended by Order of August 28, 1997. On September 8, 1997, the district court entered an order in response to our order.[1]

---

1. The district court's order stated as follows:

   Defendant Breck M. Swanquist's motion for bail pending appeal is denied.[1] Under 18 U.S.C. § 3143(b), a defendant found guilty of an offense and sentenced to a term of imprisonment, who has filed an appeal, must be detained unless the district court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community, and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that would not include imprisonment, or imprisonment for less time than the amount already

served. Mr. Swanquist's appeal is unlikely to be successful on any ground. I have carefully reviewed every ground raised by Mr. Swanquist in his posttrial motions and have concluded that none of his arguments have merit. I conclude that his appeal is for the purpose of delay and that it does not raise a substantial question of law or fact likely to result in reversal, a new trial, or a sentence that would not include imprisonment. Mr. Swanquist has not served any time and thus the last section is not relevant.[2]

   [1] I previously entered a minute order denying Mr. Swanquist's motion for bail pending appeal. I did not enter findings since 18

The district court in this case initially failed to provide a statement of reasons, either orally on the record or in writing, which prompted our limited remand. The district court's order of September 8, 1997, entered after our remand, is devoid of any discussion, analysis, or explanation as to *why* the district court concluded that the criteria for release had not been met. Instead, the order does little more than track the statutory language in conclusory fashion. It simply quotes or paraphrases the applicable statutory language before concluding that the criteria for release have not been met. The issue now is whether the district court's order complies with the dictates of Rule 9(a).

Federal Rule of Appellate Procedure 9(a), which is made applicable to post-conviction detention orders by Fed. R.App. P. 9(b),[2] provides that the "district court must state in writing, or orally on the record, *the reasons* for an order regarding release or detention of a defendant in a criminal case." Fed. R.App. P. 9(a) (emphasis supplied). This "requirement can be satisfied either by a written opinion or by the transcript of an oral opinion, but there must be one or the other...." *United States v. Hooks*, 811 F.2d 391 (7th Cir.1987) (per curiam); *accord United States v. Cordero*, 992 F.2d 985, 986 n. 1 (9th Cir.1993); *United States v. Wheeler*, 795 F.2d 839, 841 (9th Cir.1986); *United States v. Hart*, 779 F.2d 575, 576 (10th Cir. 1985) (per curiam).

The importance of this requirement has been well-documented.

Rule 9(a) unambiguously requires that the district court "must" provide a statement of "reasons" for a decision regarding release, either in writing or orally on the record. Although the standards for what suffices as a statement of reasons are not subject to rigid definition, we believe that a statement of reasons encompasses more than a mere recitation of the statutory language followed by nothing more than a conclusory statement that the applicable factors have (or have not) been met. *See United States v. Fields*, 466 F.2d 119, 121 (2d Cir.1972) (reasons must "be stated with particularity"); *United States v. Thompson*, 452 F.2d 1333, 1336 n. 7 (D.C.Cir. 1971) ("A mere parrotting of the provisions of the applicable statute is not an adequate substitute for a full statement of reasons"), *cert. denied*, 405 U.S. 998, 92 S.Ct. 1251, 31 L.Ed.2d 467 (1972). In other words, "a district court's reasons for its decision must be adequately explained; conclusory statements are insufficient." *Wheeler*, 795 F.2d at 841 (citations omitted).

The district court's failure to provide the mandatory statement of reasons has several negative consequences. First, in the absence of a remand, it forces us to undertake a task specifically designated to be completed by the district court. Although we conduct a *de novo* review of orders granting or denying release pending appeal (*United States v. Eaken*, 995 F.2d 740, 741 (7th Cir.1993)), it is nevertheless vital to the court of appeals to be apprised of the district court's rationale. *See United States v. Stanley*, 469 F.2d 576, 581–84 (D.C.Cir.1972). Where we are not provided with an adequate statement of reasons, we are forced to speculate as to the reasons for the district court's decision. This

---

U.S.C. § 3143(b), as I read it, appears to require that findings be made only if the judicial officer concludes that a convicted, sentenced offender be released on bail pending appeal. The Seventh Circuit concluded otherwise in *United States v. Hooks*, 811 F.2d 391 (7th Cir.1987) (per curiam).

2 In his motion for bail pending appeal, Mr. Swanquist did not address the requirement that I find by clear and convincing evidence that if released he would not be likely to flee. The government did not address the issue either and since I have otherwise concluded that Mr. Swanquist is not entitled to bond pending appeal, I have made no findings on this issue.
District Court Order of September 8, 1997.

**2.** Federal Rule of Procedure 9(a), which governs appeals of pre-conviction release or detention orders, provides, in pertinent part, that "[t]he district court must state in writing, or orally on the record, the reasons for an order regarding release or detention of a defendant in a criminal case." Federal Rule of Appellate Procedure 9(b), which governs post-conviction release or detention orders, provides that the district court's postconviction order regarding release or detention is "subject to Rule 9(a)." Therefore, pursuant to Federal Rule of Appellate Procedure 9, the district court must provide its reasons for an order of release or detention, irrespective of whether the order is entered prior or subsequent to conviction.

is unfair to the bail applicant because it hampers his efforts to obtain bail in the court of appeals and because it injects unnecessary delay in the processing of the bail motion. *See United States v. Affleck,* 765 F.2d 944, 954 (10th Cir.1985) (the writing requirement aids the appellate function); *Stanley,* 469 F.2d at 583–84 (" '[t]he District Judge's reasoning must be delineated both out of fairness to the appellant and as an aid to this court' ") (citation omitted). Finally, it stifles the goal of judicial economy by forcing the case to bounce back and forth between the two courts. Judicial economy is particularly important in motions for release, as these motions must be handled expeditiously due to the liberty interest at stake. *See* Fed. R.App. P. 9(a) and (b).

Where a district court fails to comply with Rule 9(a), it is appropriate to remand the case to the district court. *See Hooks,* 811 F.2d 391; *see also Cordero,* 992 F.2d at 986 n. 1; *Wheeler,* 795 F.2d at 841; *United States v. Wong–Alvarez,* 779 F.2d 583, 585 (11th Cir.1985) (per curiam). Accordingly, this matter is again REMANDED to the district court for the limited purpose of providing a written statement of reasons explaining why, in the district court's opinion, the criteria for release under § 3142(b) were not met. The district court is requested to provide this Court with the statement of reasons within **three (3)** days of the date of this opinion.