**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lawrence Robert CORTEZ, also known as Tiny, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Lawrence Robert CORTEZ, also known as Tiny, Defendant–Appellant.**

**Nos. 01–2077, 01–2078.**

United States Court of Appeals, Tenth Circuit.

April 18, 2001.

Before EBEL, BRISCOE, and MURPHY, Circuit Judges.

## ORDER AND JUDGMENT *

PER CURIAM.

After examining the briefs and the record provided in Appellant's Appendix, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a)(2); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Lawrence Robert Cortez appeals the district court's denial of release pending trial. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we reverse and remand for further findings consistent with this order and judgment.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

## FACTUAL BACKGROUND

In two separate indictments, Cortez was charged with conspiring to distribute more than 5 kilograms of cocaine; use of a telephone to facilitate the distribution of cocaine; conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine; maintaining a place for the distribution and use of cocaine; and distributing less than 500 grams of cocaine. After his arrest, a United States magistrate judge held a bail hearing and set a property bond (secured by Cortez's parents' property) and special conditions of release.

The government filed a motion in the district court for revocation of the magistrate judge's release order. *See* 18 U.S.C. § 3145(a)(1). On review, the district court allowed only brief argument from defense counsel before observing that defendant was "looking at ten years to life" and that he is "also a career criminal based on his record." Tr. of Mar. 8, 2001 Hr'g, at 2. In light of those facts, "how [the magistrate judge] can say that he's not a danger to the community is beyond me." *Id.* at 3. The court was "not worried about [defendant's] failing to appear. [It was] worried about him being a danger to the community." *Id.* at 5. As a result, the court couldn't "imagine that there are any conditions of release." *Id.* The court's subsequent written order of revocation stated only that "the court finds that the defendant is a danger to the community and that there would be no conditions of release to assure the safety of the public." Order of Mar. 8, 2001.

## DISCUSSION

■ The fundamental reason for detaining a defendant pending trial is that, after a hearing, a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person or the community." *See* § 3142(e). Factors to be considered in this determination include the nature and circumstances of the offense, including whether it is a crime of violence or a drug offense; the weight of the evidence against the defendant; the history and characteristics of the defendant, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history of drug or alcohol abuse, criminal history, record concerning court appearances and whether at the time of arrest he or she was on probation or parole; and the nature and seriousness of the danger he poses to any person or the community. *See* § 3142(g). Additionally, as applicable here, § 3142(e) provides a rebuttable presumption that no conditions of release will reasonably assure defendant's appearance and the safety of the community "upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more." *United States v. Stricklin,* 932 F.2d 1353, 1354 (10th Cir.1991).

■ A detention order must include "written findings of fact and a written statement of the reasons for the detention." § 3142(i)(1). Rule 9(a)(1) of the Federal Rules of Appellate Procedure requires the district court to "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case." This court's "review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." *Stricklin,* 932 F.2d at 1355. Accordingly, the requirement of written findings "aids our appellate function." *United States v. Affleck,* 765 F.2d 944, 954

(10th Cir.1985); *see also United States v. Moss,* 887 F.2d 333, 338 (1st Cir.1989) (per curiam) ("[w]ithout the required written statement supporting the detention ... we simply cannot undertake any meaningful appellate review").

As the Seventh Circuit has explained, "[a]lthough the standards for what suffices as a statement of reasons are not subject to rigid definition, we believe that a statement of reasons encompasses more than a mere recitation of the statutory language followed by *nothing more* than a conclusory statement that the applicable factors have (or have not) been met." *United States v. Swanquist,* 125 F.3d 573, 575 (7th Cir.1997). A district court's

> failure to provide the mandatory statement of reasons has several negative consequences. First, in the absence of a remand, it forces us to undertake a task specifically designated to be completed by the district court.... [It is] vital to the court of appeals to be apprised of the district court's rationale. Where we are not provided with an adequate statement of reasons, we are forced to speculate as to the reasons for the district court's decision. This is unfair to the bail applicant because it hampers his efforts to obtain bail in the court of appeals and because it injects unnecessary delay in the processing of the bail motion. Finally, it stifles the goal of judicial economy by forcing the case to bounce back and forth between the two courts. Judicial economy is particularly

important in motions for release, as these motions must be handled expeditiously due to the liberty interest at stake.

*Id.* (citations and parenthetical omitted).

In this case, neither the district court's statements at the hearing nor its written order adequately set out its reasons for a determination that Cortez is a danger to the community.[1] The lack of an explanation is particularly troubling where, as here, the district court reversed the magistrate judge's release order without receiving any additional evidence or listening to substantive oral argument.

We therefore reverse and remand this matter to the district court to consider the factors relevant to its dangerous determination and provide the statement of reasons required by statute and court rule. If the district court finds that there are conditions that will reasonably assure the safety of the community, it shall grant Cortez's motion for bail pending appeal and terminate his detention. *See* § 3143(b).[2]

---

1. The district court appeared to consider only two of the many factors identified in § 3142(g)—the length of defendant's potential sentence and his prior criminal record. Although not dispositive, these factors are properly considered in the dangerousness component of a bail determination. *See United States v. Cook,* 880 F.2d 1158, 1161 (10th Cir.1989) (stating that "the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community").

2. Cortez correctly points out that the district court's written order misstated the standard for release in its finding that "there would be no conditions of release to assure the safety of the public were he to be released." The standard requires conditions that will *"reasonably assure"* the safety of the community. § 3142(c), (e).