**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DONNA REE GOODMAN,

    Defendant-Appellant.

Nos. 05-8059 & 05-8060
(D.C. Nos. 05-CR-132-D and
05-CR-133-D)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, LUCERO**, and **O'BRIEN**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

    Donna Ree Goodman appeals an order of the district court denying her request for release pending trial. Her sole claim before this court is that the

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's detention order was defective because it did not include "written findings of fact and a written statement of the reasons for the detention," as required by 18 U.S.C. § 3142(i)(1). We affirm.

I.

Goodman has been charged in two separate indictments with drug trafficking and related offenses. These charges and the potential sentences they carry give rise to a rebuttable presumption that Goodman should be detained pending trial. See 18 U.S.C. § 3142(e).

Despite this presumption, Goodman asked the district court to release her on bail. Magistrate Judge R. Michael Shickich conducted a detention hearing on June 2, 2005, and denied Goodman's request. This decision was memorialized on a form titled "Order of Detention Pending Trial"; on this form, Judge Shickich checked boxes for two alternative findings, one stating that there was probable cause to believe that Goodman had committed a drug-trafficking offense and the other stating that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community." Aplt. App. at Ex. 6.

Goodman appealed, and Judge William F. Downes held a de novo hearing. At the end of the hearing, Judge Downes delivered an oral ruling denying bail on the ground that Goodman had not rebutted the presumption against pre-trial release. One week later, the district court issued the following minute order:

Pursuant to the Motions Hearing held June 24, 2005, between Court and counsel, Defendant Donna Ree Goodman's Motion for Release on Bond was DENIED by the Court. The Defendant remains in custody.

Aplt. App. at Ex. 4. Goodman noted an appeal to this court on July 5.

II.

Goodman contends that neither Magistrate Judge Shickich's form order nor Judge Downes's oral ruling and minute order were adequate under § 3142(i)(1).

The Government maintains that any claim relating to Judge Shickich's order is moot in light of Judge Downes's de novo consideration of Goodman's pre-trial release status. We agree. See United States v. Westbrook, 780 F.2d 1185, 1188 n.4 (5th Cir. 1986); cf. United States v. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003) (holding that it was improper for a magistrate judge to hold a bail hearing in a case transferred from another district but that any error was "irrelevant" in light of the subsequent bail review conducted by a district judge).

Regarding Judge Downes's order, the Government asserts that no error occurred because § 3142(i)(1) applies only to magistrate judges, while district judges are subject to the less stringent standard of Fed. R. App. P. 9. See Fed. R. App. P. 9(a)(1) ("The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case."). We need not resolve this question. Instead, we assume for the purpose of this decision that Judge Downes was bound by § 3142(i)(1). We hold,

-3-

however, that Goodman was not deprived of any right secured by this provision. The primary purpose of § 3142(i)(1) is to ensure that the reasons underlying a detention order are articulated with sufficient clarity to permit appellate review. See United States v. Affleck, 765 F.2d 944, 954 (10th Cir. 1985); accord United States v. Swanquist, 125 F.3d 573, 575-76 (7th Cir. 1997); United States v. Mantecon-Zayas, 949 F.2d 548, 551 (1st Cir. 1991). In this case, Judge Downes satisfied this purpose by providing a detailed oral explanation, on the record, for his detention order. While Goodman may have been entitled to demand that the judge set his reasons down in writing, she did not do so; instead, she noted an appeal on the next business day after the court entered its minute order. Under these circumstances, we hold that the failure to provide a written statement in support of the detention order did not amount to reversible error.

III.

For the reasons stated above, we decline to vacate the district court's detention order for non-compliance with 18 U.S.C. § 3142(i)(1). As this is the sole ground for reversal that Goodman has presented to us, we affirm the order requiring that Goodman be detained pending trial.

Entered for the Court

Per Curiam

-4-