FILED
United States Court of Appeals
Tenth Circuit

August 12, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO RAMIREZ-LOPEZ,

    Defendant - Appellant.

No. 25-3109
(D.C. No. 2:25-CR-20046-DDC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

The government charged Antonio Ramirez-Lopez with reentry of a previously

removed alien convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)

and (b)(2), and moved for him to be detained pretrial based on flight risk. A

magistrate judge denied the motion, and ordered Ramirez-Lopez released with

conditions. The government moved to revoke the release decision, and the district

court overruled the magistrate judge, ordering Ramirez-Lopez detained pretrial. He

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

now appeals the district court's detention decision.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we reverse and remand for further proceedings consistent with this order and judgment.

I.

At the detention hearing before the magistrate judge on June 6, 2025, the government did not argue Ramirez-Lopez was a danger to the community; it sought pretrial detention based solely on flight risk.  *See* Aplt. Bail App. at 61.  The government asserted Ramirez-Lopez was a flight risk based on his Honduran citizenship, his failure to appear at his initial immigration hearing in 2001, his conviction for aggravated identity theft in 2011, and his use of different aliases and identities.  Ramirez-Lopez argued that there were conditions the court could impose to assure his appearance in these criminal proceedings—giving as examples, "house arrest, . . . a curfew, [and] . . . GPS monitoring."  *Id.* at 54.

The magistrate judge recognized the government's argument and the potential risk of flight because of Ramirez-Lopez's use of aliases, the aggravated identity theft conviction, and the fact he has connections to a foreign country.  But the magistrate judge observed that "[o]n the other hand, this is someone who has had no criminal history . . . since 2010, 2011[,]" "[h]e has family members and loved ones here[,]" and "[h]e's chosen to be here for more than a decade and has stayed out of any legal trouble during that decade."  *Id.* at 61.  The magistrate judge concluded the government had not shown that Ramirez-Lopez was a flight risk; instead, she agreed

with Ramirez-Lopez that the court could monitor him and that he would appear in court.

In the order setting conditions of release, Ramirez-Lopez was ordered to submit to supervision as directed by Pretrial Services, surrender his passport, not travel outside Kansas City, be subject to a curfew, and submit to location monitoring. The government filed a motion asking the district court to revoke the magistrate judge's release decision.

At the hearing before the district court on June 18, Ramirez-Lopez appeared in the custody of Immigration and Customs Enforcement (ICE). The government acknowledged he was in ICE custody but argued he was a flight risk "without consideration of what immigration does or does not do," and further argued it wasn't "asking the court to enter a detention order to prevent ICE from deporting him." Aplt. Bail App. at 76. Instead, the government argued for detention "because [Ramirez-Lopez] is a flight risk on his own right." *Id.* The government then rested on the evidence it had proffered with its motion to revoke the magistrate judge's release order. *See id.* at 77.

Ramirez-Lopez argued that the government had not shown flight risk because (1) he was in ICE custody; and (2) the conditions imposed by the magistrate judge if he were released from ICE custody would be adequate to assure his appearance. Defense counsel then detailed those conditions:

> [M]ost importantly he would be required to be on location monitoring. So even if he were to be in a position to flee, he would not have his passport, he would be monitored continually to make sure that the government knew

3

where he was.  And we believe that the support system that he has available to him would be adequate to prevent any additional risk of flight.

*Id.* at 78.

The court then questioned defense counsel about Ramirez-Lopez being in ICE custody.  Defense counsel argued:

> [H]e's not a flight risk because he's in the custody of the government.  And the only risk that he would pose, in terms of flight, is the risk if the government themselves choose to remove him.  In the event that ICE chooses to release him, he would be released under a very, very stringent set of conditions that would be more than adequate to ensure his future appearance.

*Id.* at 81-82.

In response to further questioning from the court, defense counsel asserted that the government had not met its burden to show Ramirez-Lopez is a flight risk.  Defense counsel argued:

> The criminal history that he has is all quite dated.  His previous convictions are 15 years or more old, and since then he has lived peacefully in the United States.  He's raised a family and they're here in the courtroom today supporting him.  My math may have been a little bit wrong.  It looks like 14 years is the last time he had any trouble with law enforcement.  So although there is some history of him having issues with law enforcement, that's not reflective of the person that he is today.
>
> He is someone who plays an active role in the [life] of his mother.  His children are here today.  My understanding is that he has been in the community helping his mother to attend her medical appointments and seek medical care and actively parenting his children and playing a role in the life of his grandchild as well.

*Id.* at 82-83.

Near the end of the hearing, the court again inquired about Ramirez-Lopez's status in ICE custody, asking: "[a]nd so in your view, when this hearing is over, he's

4

going to leave again with the immigration authorities?" *Id.* at 83. And defense counsel responded: "He will be in ICE custody unless and until they decide to release him." *Id.*

> At the conclusion of the hearing, the district court stated:

> I am not persuaded . . . by [the magistrate judge's] ruling on the detention issue. I'm going to issue an order on this but it . . . will find that he should be detained pending trial in the pending case. I just am going to present that in a written order so my reasons are clear for that. I think given the history that's recited about this defendant, he presents both as a risk of flight and as a threat to the community and persons in it, and so that's the ruling you'll see in the written order.

*Id.* at 84. The district court then issued a written order on a checkbox form. It ordered Ramirez-Lopez detained, finding that no condition or combination of conditions would reasonably assure his appearance as required or the safety of the community. Ramirez-Lopez now appeals the detention order.

## II.

The Bail Reform Act, 18 U.S.C. § 3142, sets out the framework for evaluating whether pretrial detention is appropriate. In general, persons charged with a crime are not detained pretrial. *See* § 3142(b); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). And "Congress chose not to exclude removable aliens from consideration for release or detention in criminal proceedings." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017) (internal quotation marks omitted). "[A]lthough Congress established a rebuttable

5

presumption that certain defendants should be detained, it did not include removable aliens on that list." *Id.* (citing § 3142(e)(3)).

Defendants not subject to the presumption of detention, like Ramirez-Lopez, may only be detained pending trial if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e)(1). The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir 2003).

"'[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community,' the judicial officer must consider" the four factors in § 3142(g). *Id.* at 617 (quoting § 3142(g)). Those factors are: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* (quoting § 3142(g)). A detention "order must 'include written findings of fact and a written statement of the reasons for the detention.'" *Id.* (quoting § 3142(i)(1)).

### III.

We review the district court's pretrial detention decision de novo. *Id.* at 613. But we review the underlying findings of fact for clear error. *Id.*

Ramirez-Lopez argues the district court's detention order should be vacated because "[t]he district court failed to address mandatory considerations or possible conditions of release when it detained [him]." Aplt. Bail Memo Br. at 1. We agree with Ramirez-Lopez that the district court did not provide sufficient reasons to justify pretrial detention at the hearing or in its detention order because it did not adequately address the § 3142(g) factors and why no condition or combination of conditions could assure his appearance and the safety of the community.[1]

The district court's detention order is on a checkbox form. The court first checked a box that states the court finds "[b]y a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required, *i.e.*, defendant poses a serious flight risk." Aplt. Bail App. at 68. The court then added the following sentence: "Defendant poses a serious risk of flight because he is a citizen of Honduras and he has, in the past, failed to appear as scheduled for [an] immigration and deportation proceeding." *Id.* And the court cited the government's brief and noted in a parenthetical that the defendant failed to appear for his immigration court appearance in 2001. *Id.*

Next, the district court checked a box that states the court finds "[b]y clear and convincing evidence, that no condition or combination of conditions will reasonably

---

[1] Because we are remanding on Ramirez-Lopez's first argument, we need not review his alternative argument that the government did not meet its burden to show that he was a flight risk or a danger to the community and that no conditions could mitigate those risks.

assure the safety of any other person or the community." *Id.* The court added the following:

> In 2010, defendant drove a vehicle at a high rate of speed in flight from a large physical fight. Defendant and the other occupants of his car were known Mara Salvatrucha gang members, and the vehicle driven by defendant included a firearm and fraudulent documents. More specifically, defendant's billfold included a fabricated social security card, and he obstructed efforts by law enforcement officers, refusing at first to provide his name and then, later, providing a name other than his own.

*Id.* The court again cited the government's brief, noting these facts were proffered without dispute.

On the next page of the checkbox form, there are four sections that align with the four mandatory factors under § 3142(g). Under the first section, there are six boxes related to the nature and circumstances of the offense. The district court checked the first box, which simply states "The offense(s):"—but did not include any information after the colon identifying the offense or explaining why the offense here weighed in favor of detention. Aplt. Bail App. at 69.

Under the second section, there is only one box, and the district court did *not* check that box, which is next to the following sentence: "The record indicates the Government has a strong case against defendant." *Id.* There is nothing else indicated on the form in this section.

Under the third section, there are eighteen boxes related to the history and characteristics of the defendant. The district court checked four of the boxes next to the following: (1) "Past conduct of the defendant," adding, "as noted above"; (2) "Defendant has a significant prior criminal record"; (3) "Defendant has a prior

8

record of failing to appear at court proceedings"; and (4) "Defendant is an illegal alien and is subject to deportation." *Id.*

Under the fourth category, there is only one box, and the district court did *not* check that box, which is next to the following sentence: "The threat of continued _____ if defendant were released poses a serious risk of danger to the community." *Id.* The district court did not fill in the blank space in the sentence or include any other information in this section.

There is a section titled "Legal Discussion," on the last page of the form. *Id.* at 71 (boldface omitted). In that section, the district court discussed our holding in *United States v. Ailon-Ailon*, 875 F.3d 1334, 1337 (10th Cir. 2017), that "a risk of involuntary removal does not establish a serious risk that the defendant will flee and thus furnish a basis for detention under § 3142(f)(2)(A)." Aplt. Bail App. at 71 (brackets and internal quotation marks omitted). And the court explained that "a potential for removal plays no role in [its] decision to detain this defendant." *Id.* Although the court stated it "wasn't persuaded by Ramirez-Lopez's reliance on [*Ailon-Ailon*]," because that case "doesn't address the situation here," its order did not acknowledge the fact that Ramirez-Lopez was already in ICE custody or address his argument that being in ICE custody meant that he did not pose a flight risk. *Id.* And the district court did not discuss the § 3142(g) factors in this section.

Reviewing the district court's detention order de novo, we find its statement of the reasons for detention inadequate. Except for § 3142(g)(3)—the history and characteristics of the defendant—the district court failed to meaningfully address the

§ 3142(g) factors. And in checking boxes applicable to Ramirez-Lopez's history and characteristics, the district court appeared to overstate his prior criminal record,[2] and did not acknowledge any of his favorable characteristics, as the magistrate judge did, *see* Aplt. Bail App. at 61 (noting "this is someone who has had no criminal history . . . since 2010, 2011[,]" "[h]e has family members and loved ones here[,]" and "[h]e's chosen to be here for more than a decade and has stayed out of any legal trouble during that decade."). That may be due in part to the fact that the checkbox form does not include any checkboxes for factors that would favor release. *See id.* at 69. But the statute directs a judicial officer to consider characteristics that would favor release, "including . . . the person's character . . . , family ties, employment, length of residence in the community, [and] community ties . . . ." § 3142(g)(3)(A); *see also e.g.*, *Cisneros*, 328 F.3d at 618 (discussing "evidence going both ways" concerning the history and characteristics of the defendant, and noting that the defendant had children she was responsible for and had complied with the terms of conditional release imposed by the magistrate judge).

The district court did not adequately address the § 3142(g) factors and its reasons for concluding that no conditions or combination of conditions could assure Ramirez-Lopez's appearance in court or the safety of the community. "When a district court is revoking a magistrate judge's pretrial release order, as is the case

---

[2] The court checked the box indicating "Defendant has a significant prior criminal record." Aplt. Bail App. at 69. But the record only establishes one prior criminal conviction for aggravated identity theft, based on possession of a falsified social security card. *Id.* at 20-21. Ramirez-Lopez pleaded guilty to that charge and was sentenced to two years in prison. *Id.* at 21.

here, it is especially important that the court provide adequate findings and an explanation for its detention decision." *United States v. Campas*, No. 24-4003, 2024 WL 687716, at *4 (10th Cir. Feb. 20, 2024) (unpublished); *United States v. Cortez*, 12 F. App'x 708, 711 (10th Cir. 2001) ("[N]either the district court's statements at the hearing nor its written order adequately set out its reasons for a determination that [the defendant] is a danger to the community. The lack of an explanation is particularly troubling where, as here, the district court reversed the magistrate judge's release order without receiving any additional evidence or listening to substantive oral argument.").

IV.

We reverse and remand to the district court to issue findings of fact and to explain the reasoning behind its detention decision or, alternatively, to order Ramirez-Lopez's pretrial release subject to appropriate conditions. The mandate shall issue forthwith.

Entered for the Court

Per Curiam