**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard SMITH, Defendant-Appellant.**

No. 85–1873.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 27, 1987.

Decided March 23, 1987.

Lawrence C. Mann (argued), Wayne State Law School, Detroit, Mich., for defendant-appellant.

Alan Gershel, Asst. U.S. Atty. (argued), Detroit, Mich., for plaintiff-appellee.

Before ENGEL, KRUPANSKY and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Defendant, while an agent with the Drug Enforcement Administration, was charged with a violation of 18 U.S.C. § 401(3), indirect criminal contempt, in that he had knowingly disobeyed Fed.R.Crim.P. 6(e)(2), by unlawfully disclosing investigative reports, which contained the identities of several grand jury witnesses and the substance of their testimony before the grand jury, to a newspaper reporter. He appeals his conviction, following trial to a jury.

Chief among the issues defendant raises on appeal, is his contention that the trial court erred by instructing the jury that the culpable mental state required for his conviction was knowledge, rather than willfulness.

Pursuant to 18 U.S.C. § 401(3), a district court has the power to punish contempt of its authority, including disobedience of its "rule." The "rule" said to have been disobeyed in this case is Fed.R.Crim.P. 6(e), which provides that government personnel assisting in the enforcement of federal criminal law, to whom disclosure has been made of matters occurring before a grand jury, shall not disclose those matters. It further provides that "[a] knowing violation of Rule 6 may be punished as a contempt of court." Fed.R.Crim.P. 6(e)(2).

Defense counsel objected to these instructions by the trial court:

In order to find the Defendant guilty of the offense charged, that is, contempt of court, you must find beyond a reasonable doubt that the Defendant knowingly disclosed documents containing Grand Jury matters without prior judicial authorization.

\* \* \* \* \* \*

An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or accident, or other innocent reason.

The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act done because of mistake or accident, or other innocent reason.

With respect to the crime charged in this case, a specific intent must be proved beyond reasonable doubt before you can find a conviction.

Defendant relies upon our statement in *Vaughn v. City of Flint,* 752 F.2d 1160 (6th Cir.1985), for his contention that willfulness is the required culpable mental state for indirect criminal contempt:

This court requires that willful disobedience be proved beyond a reasonable doubt and defines willfulness as "a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation."

752 F.2d at 1169.

■ Under the circumstances of this case, the government was required to prove the existence of a clear and definite rule, an awareness by the defendant of the rule, and violation by him of the rule with the requisite culpable mental state. Ordinarily, the requisite mental state will be willfulness. *See, e.g., United States v. United Mine Workers of America,* 330 U.S. 258, 303, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947). And, as pointed out by defendant, in the instance of a direct contempt, committed in the trial court's presence, we have said that proof is required of a willful violation. 752 F.2d 1160. However, where, as here, the statute or rule under

which the charge is brought specifically supplies the culpable mental state, then, that becomes the element to be proved.

 One might argue that defendant urges a distinction without a difference, since the definition given by the trial court of "knowingly" may be the practical equivalent of our description of "willfulness" in *Vaughn*. The trial court's characterization of a knowing act is taken directly from 1 E. Devitt & C. Blackmar, *Federal Jury Practice and Instructions* § 14.04 (3d ed. 1977). In order for defendant to have acted "willfully," Devitt & Blackmar would require a specific intent or bad purpose to disobey the rule, a constituent not clearly a part of our definition in *Vaughn*. *See* E. Devitt & C. Blackmar, *supra*, at § 14.06. However, we need not address such an argument since we conclude that the trial court correctly instructed the jury that the government was required to prove knowledge, the culpable mental state specified in Fed.R. Crim.P. 6(e).

\* \* \* 1

Defendant having failed to demonstrate reversible error, the judgment of the district court is affirmed.

---

1. This opinion was edited for publication by

Judge Norris.