**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Henry VANCE, Defendant–Appellee.**

No. 87–6366.

United States Court of Appeals,
Sixth Circuit.

Argued March 30, 1987.

Decided July 8, 1988.

Louis DeFalaise, U.S. Atty., James E. Arehart (argued), Lexington, Ky., for plaintiff-appellant.

Frank Haddad, Jr. (argued), Louisville, Ky., J. Randall Reinhardt, Lexington, Ky., for defendant-appellee.

Before KEITH, WELLFORD and NELSON, Circuit Judges.

WELLFORD, Circuit Judge.

In this case we consider a motion filed by the United States asking us to revoke the bond of the defendant Henry Vance. A jury has found Vance guilty on charges of conspiracy and aiding and abetting transportation of a weapon used to kill a state prosecutor in Florida. The district court denied defendant's motions for acquittal and for a new trial with regard to the jury's guilty verdict. It sentenced defendant to the maximum permitted term of fifteen years imprisonment on both counts under 18 U.S.C. § 4205(b)(2) plus a mandatory fine; but overruled the government's objection that Vance should not remain on bond following the conviction.[1] The government moved to expedite its appeal from the district court's order permitting Vance to remain free on bail, and sought an expedited order that defendant be detained pending his appeal from his conviction on the grounds that Vance "did not prove by clear and convincing evidence that he was not a danger to others or to the community." (Government's motion filed December 22, 1987, at 1.)

On February 23, 1988, we considered defendant's response and the record then before us and held that defendant had failed to establish an element necessary for bail pending appeal. We remanded the matter to the district court for proceedings to determine whether Vance presented a danger to the safety of other persons or to the

---

1. The district court allowed Vance to remain free on the same terms and conditions of the bond previously posted before the conviction.

community, 840 F.2d 18. A mandate issued with respect to this order. On March 3, 1988, the district court held a hearing and the United States Attorney took the position "that [the order] can only be interpreted that he should be detained right now." The defendant's counsel pointed out that he had filed a motion to recall and stay issuance of the mandate prior to the district court hearing. Defendant's counsel also filed a motion with the district court "to extend time to commence the sentence," and to permit defendant to report under voluntary surrender provisions, if bail were not continued.

The district court indicated that he had been at first prepared to enter an order on the government's motion to call upon Vance to surrender forthwith, but was disturbed that Vance's "imminent arrest and surrender" was made known to the media.[2] The district court indicated that at the time of sentencing the government had not taken the position that defendant was a "threat to the community." We believe the record at the time of sentencing indicates clearly that the district judge was mistaken about this impression. The government made its position known plainly that in its view Vance was a danger and a threat:

MS. EDELMAN: Your Honor, we strongly object to Mr. Vance being permitted to continue on his bond pending appeal. I believe that the law is very clear that at this stage of the proceeding Mr. Vance is required, he has the burden to make a showing of the various provisions that are set forth in Title 18, U.S. Code, Section 3143. And at this time we would think if he's going to request to continue on any type of bond pending appeal that he has to meet that very heavy burden which I would submit to the Court, I don't even believe this is really possible in view of the offense that he's been convicted of in and of itself is obviously a very dangerous offense. I

think his background and other matters that he was involved in indicates his dangerousness.

I think that there has been evidence introduced here during the trial of this case which certainly suggests his use of aliases which would certainly aid his ability to leave the country if he were to choose to do such a thing and to not reappear. * * * *

I strongly urge the Court to consider the fact that we do believe Mr. Vance is dangerous. The offense that he has committed is frightening. I think that there's been a great deal of people—a lot of people concerned who do not understand the court system, that do not understand how someone such as Mr. Vance having standed convicted of what he's convicted of could possibly still be mixing and mingling in this community.

I strongly urge the Court to not permit him to remain out on bond pending appeal. I just don't think this is the appropriate type of case. Obviously Mr. Vance lives in Lexington where others of us also live. It makes me uncomfortable to know that Mr. Vance is mixing and mingling in Lexington, Kentucky; ....

Transcript of Hearing, November 20, 1987, at 16, 17, 18.

At this same hearing, defendant's counsel pointed to the presentence report and letters from persons in the community that had been submitted to the district judge[3] to argue that Vance posed "no danger whatsoever to the safety of any other person or to the community at large." The prosecutor responded:

[I]t's the defendant's burden and Mr. Haddad [defendant's attorney] is merely just making statements that they have shown by clear and convincing evidence that he is not a danger to the community. I don't see any evidence in this record

---

**2.** Defendant's counsel and the district court also expressed surprise and concern that our mandate had issued less than 21 days after the February 23, 1988 order. See Rule 41(a) of the Rules of Appellate Procedure. The language of that rule expressly provides, however, that "the mandate ... shall issue 21 days after the entry

of judgment *unless the time is shortened* or enlarged by order." (Emphasis added).

**3.** At the sentencing hearing the prosecutor complained that she had no prior opportunity to examine these letters.

that indicates such, and it is his burden to meet that test. And absent some showing on his part of why he's not a danger in view of what he's been convicted of, I just don't believe they've even attempted to address that burden much less meet it by clear and convincing evidence.

*Id.* at 23.

We find that the prosecutor was correct in her assessment of the evidentiary burdens at that point. 18 U.S.C. § 3143(a) supports the position of the United States that defendant must present "clear and convincing evidence" that he does not "pose a danger to the safety of any other person or the community" after conviction.

Title 18, U.S.C. § 3143(a) provides:

(a) *Release or detention pending sentence.*—The judicial officer shall order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c). If the judicial officer makes such a finding, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

Section (b) of that same provision sets out the same burden upon the convicted defendant who "has filed an appeal" from his conviction, as has Mr. Vance.

 The district court was mistaken when it decided no detention hearing was required. We have already indicated that the statute does not require the government to make an initial showing of dangerousness. Rather, it presumes dangerousness and the criminal defendant must overcome this presumption. In any event, the government did make dangerousness an issue. We also do not believe the evidence before the court warranted bail. The court clearly considered several letters written on Vance's behalf in deciding detention was not necessary.[4] The district court had, prior to the bail hearing, overruled the defendant's request to make the letters submitted on his behalf a part of the presentence report. They were not then a part of the record, and the government had not had an opportunity to review them. The district court did state that it would hold the letters in its possession and then release them with the presentence report at a later time unless the government objected by five o'clock that afternoon. We doubt that the letters submitted to the district judge in this case should be considered as evidence since they were not made a part of the record at the time he made his bail decision. If considered to be evidence to support defendant's burden under § 3143, the government should have an adequate opportunity to consider it and to counter or rebut it if deemed necessary. That opportunity was lacking in this case. Many of the letters are from close family members or relatives, and most deal with circumstances which are evident in the pre-sentence report. Many reflect the respect with which defendant's family is held in the Lexington community, or the particular writer's opinion that Vance is not guilty of the offense charged. Even if considered, and we have read this material, we would find release of Vance unwarranted.

The decision not to detain Vance contradicts the evidence of dangerousness shown at trial. At the time of sentencing the court made the following observations:

And I thought during the trial you [Vance] had to have been warned about those people. But when I hear the evidence and apply the reasonable inferences, for reasons known only to yourself, the evidence was overwhelming in my judgment of your guilt. It was a serious offense, ...

\* \* \* \* \* \*

I will go to my grave wondering why you [Vance] would—number one, why you would get involved with all these people over these years to being with;

---

**4.** In pronouncing sentence, the district judge did indicate that it had taken into account the pre- sentence report and the letters in question.

. . . .

I can't understand it. It was a senseless murder, a senseless murder. And I realize that then and now you maintain your innocence. The jury found you guilty of giving Bonnie Kelly a .38 revolver to take from Lexington, Kentucky to the State of Florida and blow a man out into eternity because ... because ... I don't know. Probably vengeance. How do those people think?

Sentencing Transcript at 13, 14.

Vance was indicted for being a conspirator and for abetting Bonnie Kelly in transporting a gun from Kentucky, the vicinity of Vance's home, and Florida, where Kelly used the gun to kill a state prosecutor. The government's proof showed association over a period of time between Vance, a man of some prominence in the Lexington area, and with Bonnie Kelly and her husband, Mike, involved with dealing in weapons. The district court permitted evidence concerning alleged criminal activity of defendant and/or his associates prior to the indictment offense, including activity while Vance was a deputy sheriff. Mike Kelly was indicted and later jailed in Florida for drug smuggling, and he was prosecuted by the victim shot by his wife, Bonnie Kelly. The government's proof came principally from Bonnie Kelly, and much of her testimony was vigorously contested by defendant's witnesses. The nature of the charges against Vance were very serious, and allegedly interrelated with his activities was a brutal premeditated murder. The district court obviously considered this to be a very serious offense in reaching the decision to impose a maximum sentence.

In *United States v. Hazime*, 762 F.2d 34 (6th Cir.1985), we considered a decision denying bail prior to trial, and cited, among other decisions, *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985). *Jessup* involved another subsection of the Bail Reform Act but had occasion to discuss the section which is of concern here:

Congress knew how to create a 'burden of persuasion' when it wanted to do so. Section 3143 creates a presumption that a defendant who has been convicted of a crime may not be released pending his appeal or sentencing unless he shows "by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community." ... The Judiciary Committee Report notes that

The Committee intends that in overcoming the presumption in favor of detention [in § 3143] *the burden of proof* rests with the defendant.

S.Rep., *supra*, at 27 (emphasis added), 1984 U.S.Code Cong. & Admin.News, p. 30.

757 F.2d at 382.

We have held that the Bail Reform Act is constitutional in respect to casting a burden upon defendants to justify release on bail following conviction. *United States v. Pollard*, 778 F.2d 1177 (6th Cir.1985). Following his conviction, then, defendant Vance has the burden of showing, among other things, that he is not a danger to any other person or to the community. *See United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir.1986). In dealing with the danger to the community or other person concept, the courts look to more than whether or not defendant *himself* has been guilty of physical violence:

The legislative history also specifies that the concept of a defendant's dangerousness as used in the Act is to "be given a broader construction than merely danger of harm involving physical violence." *Id.* at 12–13 (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News at 15 (Supp. 9A). (In so doing, the Senate Report cites to the opinion of this Court in *United States v. Provenzano*, 605 F.2d 85 (3d Cir.1979)). The Congress was apparently concerned with the safety not only "of a particular identifiable individual, perhaps a victim or witness," but also of the community as a whole. *Id.*

\* \* \* \* \* \*

In ascertaining whether to detain or release a defendant, the judicial officer is directed by the statute to consider the available information concerning several factors, including: (1) the nature and seriousness of the offense charged; (2) the weight of evidence against the defendant; (3) the defendant's character, physical and mental condition, family and com-

munity ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*United States v. Delker,* 757 F.2d 1390, 1393, 1398–99 (3d Cir.1985).

The district court commented at sentencing upon the nature of this offense, its seriousness and the overwhelming indication of guilt if the government's witnesses were believed. Evidence at trial, although contested, bore upon Vance's past history and his association with criminals and his connection with guns. All these circumstances would compel denial of bond after conviction, especially when the government counsel herself expressed apprehension about Vance as a potential threat. No testimonial evidence was presented by Vance at the hearing concerning bail. He and his counsel relied first and foremost upon the presentence report information. We have independently examined the presentence report and find a lack of clear and convincing evidence within its fourteen pages, plus ten pages of "sentencing data," taking the information as a whole, that would direct the judicial officer to release Vance.[5] Whether we adopt a "clearly erroneous" standard of review or use an abuse of discretion approach, defendant has simply failed to carry his burden as to the requirements of § 3143 in this case.

After conviction of the serious type of crime involved here, we find the action of the district court to have been erroneous in granting Vance bond, and in continuing Vance on bond after our prior order reflecting our view that Vance had failed to carry his burden under the Bail Reform Act. We approve the language of Judge Bue as applicable in this situation:

> [I]n enacting section 3143 of the Bail Reform Act of 1984, the committee endeavored to eliminate the presumption in favor of bail, and to create a presumption against post conviction release. As stated in the committee report:

> Once guilt of a crime has been established in a court of law, there is no reason to favor release pending imposition of sentence or appeal. The conviction, in which the defendant's guilt of a crime has been established beyond a reasonable doubt, is presumably correct in law.

S.Rep. No. 225, 98th Cong., 1st Sess. 26 (1983), *reprinted* in 1984 U.S.Code Cong. & Ad.News 3182, 3209; *United States v. Giancola,* 754 F.2d 898 (11th Cir.1985). *United States v. Farran,* 611 F.Supp. 602, 603 (S.D.Tex.1985), *aff'd without opinion,* 784 F.2d 1111 (5th Cir.), *cert. denied,* 476 U.S. 1144, 106 S.Ct. 2256, 90 L.Ed.2d 701 (1986).

Accordingly, we deny defendant's motion to recall the prior mandate, and we grant the motion of the United States to order the defendant to be detained pending appeal, and the motion to expedite the appeal on the merits of the conviction. We, of course, express no view on the merits of the appeal. This matter is REMANDED to the district court to enter the appropriate order promptly in conformity herewith.

---

**5.** The sentencing data in the presentence report included "defendant's version of the circumstances." He confirms his uncertainty about a crucial date with respect to an alibi for Mrs. Kelly. Vance had no prior criminal record and has a continuous work history, including work in the political arena.