**UNITED STATES of America,**
**Plaintiff,**

v.

**E. Alfred BIBBINS, Defendant.**

**No. 1:00–CR–94.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

Sept. 7, 2000.

Wayne A. Rich, Jr., U.S. Department of Justice, Office of U.S. Attorney, Chattanooga, TN, for plaintiff.

Gerald H Summers, Summers & Wyatt, PC, Chattanooga, TN, for defendant.

## *MEMORANDUM*

COLLIER, District Judge.

Before the Court are the following motions filed by Defendant E. Alfred Bibbins ("Bibbins"): 1) Motion for a New Trial (Court File No. 70), 2) Motion for Alternative Sentencing (Court File No. 71), and 3) Motion for Bail and Release Pending Appeal (Court File No. 69). The United States of America (the "Government") has not responded to any of the motions. Having carefully considered the motions and the reasons that originally compelled the Court to impose Bibbins's sentence, the Court, for the following reasons, will **DENY** all three motions.

## I. *STANDARD OF REVIEW*

### A. Motion for a New Trial

Rule 33 of the Federal Rules of Criminal Procedure permits the Court to

grant a new trial to a defendant in a criminal case if it is "in the interest of justice." *United States v. Davis*, 15 F.3d 526, 531 (6th Cir.1994) (*quoting Fed. R.Crim.P.* 33). Whether to grant a Rule 33 motion is in the Court's discretion. *Davis*, 15 F.3d at 531. The defendant bears the burden of proving a new trial should be granted. *Id.* (*citing United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991)).

## B. Motion for Bail and Release Pending Appeal

■ Defendant's motion for bail pending appeal misinterprets the sentence he received. Rather than a sentence of incarceration, the Court imposed a sentence of probation. That sentence became effective upon the Court's announcement of the sentence. 18 U.S.C. § 3562(b). Residence in a community corrections facility for part of the term of probation is specifically authorized by statute. 18 U.S.C. § 3563(b)(11). Because no sentence of incarceration was imposed, the Court did not order the defendant detained pursuant to 18 U.S.C. §§ 3141(b) and 3143(b), nor did the Court order the defendant released pursuant to 18 U.S.C. § 3143(b). Since detention was not ordered, Defendant's motion for bail is inapposite and section 3143(b) is inapplicable.

Had the Court imposed a sentence of incarceration, release still would not have been appropriate in this case. The United States Code, Title 18, section 3143, paragraph (b) provides the conditions under which a defendant may be released on bail pending disposition of his appeal:

(b) Release or detention pending appeal by the defendant.—The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari, be detained, unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to section 3142(b) or (c); and

(2) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of section 3142(b) or (c).

The United States Court of Appeals for the Sixth Circuit has held this provision places the burden on the defendant to show, "among other things, that he is not a danger to any other person or to the community." *United States v. Vance*, 851 F.2d 166, 169 (6th Cir.1988). The Sixth Circuit has identified several factors as important to the determination of whether the defendant poses a danger to any other person or to the community:

(1) the nature and seriousness of the offense charged; (2) the weight of evidence against the defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*Id.* at 169–70.

In addition to determining whether the defendant poses a danger to the community, the Court must also decide whether the defendant has any potentially meritorious grounds for review. In *United States v. Pollard*, 778 F.2d 1177 (6th Cir.1985), the Sixth Circuit discussed what constituted a substantial question, and adopted the definition of substantial question set forth by the Eighth Circuit in *United States v. Powell*, 761 F.2d 1227 (8th Cir.1985). Thus the Sixth Circuit has concluded an appeal raises a substantial question when the appeal presents a " 'close question or

one that can go either way,' " and [ ] the question is " 'so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor.' " *Pollard*, 778 F.2d at 1182 (quoting *Powell*, 761 F.2d at 1233–34).

## II. *RELEVANT FACTS*

On November 23, 1999, Defendant Bibbins, a potential non-party witness in the pending civil action of *Slaughter v. Chitwood & Chitwood, P.C.*, Case No. 1:99–CV–277, was served with a subpoena *duces tecum* requesting production of all documents related to Defendant's representation of the civil plaintiff before the EEOC, as well as documents related to his assistance of any other civil litigants. Bibbins filed a motion to quash the subpoena and requested entry of a protective order on December 3, 1999 (Court File No. 11 in the civil action). In his motion, Bibbins asserted the documents were subject to a ministerial privilege,[1] and the subpoena violated the First Amendment of the United States Constitution mandating separation of church and state.[2] On December 21, 1999, after conducting a hearing on the matter during which Bibbins was allowed to testify, United States Magistrate Judge John Y. Powers denied Bibbins's motion to quash and for a protective order and ordered him to produce the documents identified in the subpoena by Friday, January 21, 2000 (Court File No. 14 in the civil action). Bibbins appealed that order to this Court. The Court affirmed Judge Powers's decision in an Order entered January 13, 2000 and ordered Bibbins to comply with the subpoena and Judge Powers's order (Court File No.20 in the civil action).

Bibbins then appealed this Court's decision to the Sixth Circuit.

Defendant did not produce the documents on January 21 as directed. On February 23, 2000, Defendant was served with another subpoena *duces tecum*, identical to the first, and notice of deposition requiring him to appear on March 2, 2000 at 9:00 a.m. with the requested documents. Bibbins failed to appear and failed to produce the subpoenaed documents. The defendant in the civil case filed a Motion for Sanctions/Petition for Contempt against Bibbins on March 10, 2000 (Court File No. 25 in the Civil action) to which Bibbins responded (Court File No. 34 in the civil action). The Sixth Circuit dismissed Defendant's appeal for lack of jurisdiction on May 9, 2000.

Because it appeared Bibbins had shown a deliberate refusal to submit to this Court's lawful authority by failing to obey the Court's order of January 13, 2000 and failing to appear on March 2, 2000 for his deposition, the Court issued an Order on July 20, 2000, directing Bibbins to show cause why he should not be held in contempt. In that Order, the Court informed Bibbins he had a constitutional right to counsel, and United States Magistrate Judge William B. Mitchell Carter appointed counsel on August 2, 2000.

A hearing was held on Thursday, August 3, 2000. Assistant United States Attorneys Wayne Rich and Tammy Combs appeared on behalf of the United States. Bibbins was represented by attorney Jerry Summers. During the hearing, the Court heard evidence and argument from both sides. Bibbins testified he was aware of the Court's December 21 and January 13 orders and the subpoenas. He also admitted he had not produced the documents or

---

**1.** At the contempt hearing, Bibbins testified he is an ordained minister and pastors a church he identified as the Minister's and Layperson's Fellowship Church. He testified the church is undergoing renovation and "we are worshiping with other churches at this time." Transcript of Contempt Hearing, p. 24.

**2.** Also at the hearing, Bibbins testified he had some association with community programming on a local cable station. According to his testimony his broadcast is supported and produced by WEAB, "a broadcasting company owned by the church, by the Minister's and Layperson's Fellowship Church." Transcript of Contempt Hearing, pp. 25–26, 32.

appeared for his deposition. Defendant maintained, however, that he thought he could ignore the Court's orders in this case because the requested documents were subject to a ministerial privilege. Bibbins also indicated he thought he was afforded protection under the First Amendment due to his status as a newspaper and broadcast journalist, as well as protected by his Fifth Amendment privilege against self-incrimination[3]. At the conclusion of the hearing, the Court found Bibbins guilty of criminal contempt, a violation of 18 U.S.C. § 401,[4] and sentenced him to five years probation with a special condition that he reside for a two month period at the Salvation Army Sanction Center under the strictest conditions. The Court's judgment was entered on August 21, 2000.

## III. *DISCUSSION*

### A. Motion for a New Trial

The Court will DENY Defendant's Motion for a New Trial. In his motion for a new trial, Bibbins lists eight separate grounds as justification for the relief he requests. The Court will address each ground individually.

### 1. Sufficiency of the Evidence

 First, Bibbins argues the evidence was insufficient to prove him guilty of contempt beyond a reasonable doubt. Under 18 U.S.C. § 401(3), a person may be found guilty of contempt of court if he disobeys or resists any "lawful writ, process, order, rule, decree, or command" of the court. In contempt cases based upon disobedience of a court order or subpoena,

the evidence must prove: 1) the defendant had knowledge of the order or subpoena; 2) the defendant engaged in conduct amounting to non-compliance with the order or subpoena; and 3) the terms of the document were sufficiently specific to put the defendant on notice his actions constituted disobedience of the Court's order or subpoena. *United States v. Allen,* 73 F.3d 64, 67 (6th Cir.1995). At the hearing the Court took judicial notice of the contents of the court record in the civil action, heard testimony from witnesses, and admitted exhibits into the record.

The proof at the hearing established beyond any doubt Bibbins knew of the December 21 and January 13 production orders and the subpoenas *duces tecum.* The documents clearly required production of specific, identifiable records and informed Defendant of the place and time of his deposition. The proof also established Bibbins failed to produce any of the requested documents or appear for his deposition. As a result, the proof at trial was more than sufficient to convict Bibbins of contempt beyond a reasonable doubt.

### 2. Sufficiency of Notice Under *Fed. R.Civ.P.* 42(b)

 Bibbins next argues the Court should grant him a new trial because the Court's show cause order was generally insufficient under *Fed.R.Crim.P.* 42(b) and specifically failed to inform him he was facing criminal contempt charges. Rule 42(b) provides:

(b) Disposition Upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall

---

**3.** At the hearing, Bibbins argued his answers about possible representation of others might tend to incriminate him regarding the state crime of practicing law without a license or might be used against him in an effort to prosecute him for such an offense. Transcript of Contempt Hearing, pp. 12–13.

**4.** This statute provides:

A court of the United States shall have power to punish by fine or imprisonment,

at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. The defendant is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

The Sixth Circuit has identified several things that must be present for notice to be sufficient under Rule 42(b). The Court must specifically identify the allegedly contemptuous activity and characterize it as such. *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir.1994). The notice must warn the defendant he faces being held in contempt, and must also give the defendant a chance to respond to the Court's charges. *Id.* Finally, the Court must provide notice of the criminal nature of the charge. *Id.*

The Court's show cause order in this case stated the time and place for the hearing and provided Bibbins with a reasonable amount of time in which to prepare his defense. The order also set out in detail the conduct the Court believed was contemptuous, and notified Bibbins the Court considered his conduct to be in contempt. Additionally, the Court's order specifically informed Bibbins he had a constitutional right to appointed counsel at the hearing, putting him on notice of the criminal nature of the show cause proceedings. *See Lavado v. Keohane*, 992 F.2d

601, 605–06 (6th Cir.1993) (holding plaintiff does not have a right to counsel in a civil case). The Court's show cause order therefore clearly provided notice sufficient under *Fed.R.Crim.P.* 42(b).

A review of Bibbins's own filings in the underlying civil action conclusively demonstrates he foresaw criminal contempt as a potential consequence of his actions. As the Court stated at the hearing (Transcript of Contempt Hearing, pp. 61–62), in his petition against contempt charges, Bibbins specifically mentions 18 U.S.C. § 401, Fed.R.Civ.P. 45(e), and "willful contempt of this court." Defendant cannot therefore challenge his conviction on the grounds he did not contemplate the possibility of criminal contempt proceedings and did not have adequate warning of the nature of these proceedings.

### 3. Court's Alleged Appointment of a Special Prosecutor

In his third assignment of error, Bibbins alleges the Court improperly allowed counsel for the defendants in the civil case to participate as special prosecutors. Inherent in the Court's contempt power is the power to appoint a special prosecutor to maintain the action on the Court's behalf. *Young v. United States*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). "[A] court ordinarily should first request the appropriate prosecuting authority to prosecute contempt actions, and should appoint a private prosecutor only if that request is denied. Such a procedure ensures that the court will exercise its inherent power of self-protection only as a last resort. In practice, courts can reasonably expect that the public prosecutor will accept the responsibility for prosecution." *Id.* at 801, 107 S.Ct. 2124. If appointment of a private prosecutor becomes necessary, the Court may not appoint "as prosecutors counsel for an interested party in the underlying civil litigation." *Id.* at 802, 107 S.Ct. 2124.

The Court did not need to appoint a private prosecutor in this case. As the

record makes clear, two Assistant United States Attorneys were present to protect the both the judiciary's institutional interests and society's interests in the matter. Because counsel for the defendant in the underlying civil case was not appointed as a special prosecutor,[5] and in fact did not act during the contempt hearing as a prosecutor, this argument has no merit.

### 4. Denial of Defendant's Motion to Recuse

■ As the fourth basis for his motion, Bibbins asserts the Court erred in denying his motion to recuse on the grounds the show cause order contained a premature finding of contempt which precluded Defendant from receiving a fair trial. "[C]ontemptuous conduct, though short of personal attack, may still provoke a trial judge and so embroil him in controversy that he cannot hold the balance nice, clear, and true between the state and the accused .... In making this ultimate judgment, the inquiry must be not only whether there was actual bias on [the judge's] part, but also whether there was such a likelihood of bias or an appearance of bias that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused. Such a stringent rule may some-

times bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties, but due process of law requires no less." *Taylor v. Hayes,* 418 U.S. 488, 501, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974) (internal quotation marks and citations omitted).

The Court's show cause order did not make any preliminary findings of contempt. Instead, it put Bibbins on notice of the behavior the Court considered contemptuous, and set a hearing to provide him a chance to respond and demonstrate the cited conduct was not in fact contemptuous before the Court made a decision. Without first giving Bibbins a chance to justify his behavior, the Court had no way of knowing whether the Defendant was incapacitated, failed to obey through negligence, or might have had some other exculpatory explanation of his non-compliance. However, the conduct, standing alone, provided a reasonable basis for requiring Bibbins to appear at a hearing to afford him an opportunity to explain himself. The Court in this case gave Bibbins a full and fair opportunity to be heard and was in a position "to hold the balance between vindicating the interests of the court and the interests of the accused."

5. At the beginning of the hearing the Court made the following statement:

> As the Court indicated, the United States Attorney will be representing the interests of the United States in this case. However, if there are some matters you [attorneys for the defendant in the civil action] believe should be brought to the attention of the Court for its consideration, feel free to do so. The Court will allow you to participate in that regard.

Transcript of Contempt Hearing, p. 4. See also Transcript of Contempt Hearing, p. 50.

Within that limited role, the Court did allow counsel for the defendants in the underlying civil action to present argument and question Bibbins. The contempt power protects more than just the Court's interest in the efficient administration of justice. The parties to the underlying civil action also had an interest in seeing that Defendant complied with the orders and process of the Court. *See Downey,* 30 F.3d at 685 ("Civil contempt sanctions are

designed to enforce compliance with court orders and to compensate injured parties for losses sustained. Criminal contempt sanctions, on the other hand, are imposed to vindicate the authority of the court by punishing past acts of disobedience." (citations omitted)). The Court therefore provided counsel for Chitwood and Chitwood, P.C. an opportunity to represent those interests to the Court. Because of their greater knowledge of what transpired in the underlying civil case, counsel for the civil defendant was in a superior position, first, to clarify events for the Court by bringing pertinent matters to the Court's attention that might not have been in the civil court file or might not have been obvious from a review of the file, and, second, to represent the interests of their client, should those interests be implicated in the hearing. Additionally, counsel for the civil defendant obviously had a strong interest in urging the Court to consider the possibility of civil sanctions in addition to a criminal penalty.

*Id.* As a result, Defendant is not entitled to a new trial on this grounds.

### 5. Good Faith Belief in Privilege

 Defendant's fifth argument in support of his motion focuses on his intent in disregarding the Court's production orders and the subpoenas *duces tecum.* Bibbins argues he did not act willfully because he had a good faith belief the documents and his testimony were protected by his ministerial, news media, and Fifth Amendment privileges. Bibbins misapprehends the meaning of willfulness. Wilful disobedience simply requires "a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *United States v. Smith,* 815 F.2d 24, 25 (6th Cir.1987) (internal quotation marks and citation omitted). The Court understands Bibbins was not represented by counsel when he made his decision to withhold the documents and to deliberately fail to appear at his deposition. He knew, however, that both the documents and his presence were required. Until this Court or another overruled the production orders or quashed the subpoenas, Defendant was required to comply with them. His "good faith" belief regarding the validity of the asserted privileges is no excuse for his non-compliance. "If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls 'the judicial power of the United States' would be a mere mockery." *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911).

In all but the rarest cases, a party asserting a particular privilege will have a good faith belief in the validity of that privilege. When the Court declares the privilege inapplicable, he may seek reconsideration or interlocutory review. If these avenues of redress fail to vindicate the asserted rights, then the party claiming a privilege, if he is still certain he is correct, may choose non-compliance over production of the privileged material, but he must face the consequences of his actions which are in contempt of court. To hold otherwise would undermine the power of this Court to compel the attendance of jurors, witnesses and parties at trial. Summonses and orders would be nothing more than worthless pieces of paper if their power to compel were dependent upon the recipient's interpretation of them or "good faith" belief about his duty to comply.

In large measure, the American legal system is fundamentally dependent upon voluntary compliance with its judgments and procedures by all participants in the system, including witnesses such as Bibbins. The Court does not have a standing army to enforce its rules and orders. The only method by which it may compel compliance with its writs and orders is through exercise of its power to punish those who disregard them. As a result, Bibbins was not entitled to ignore the production orders and subpoenas *duces tecum* simply because he disagreed with them, and his "good faith" belief that he was right and the Court was wrong does not excuse his contemptuous behavior or entitle him to a new trial.

### 6. Sentencing

Defendant's final three arguments in support of his motion for a new trial address his concerns with the sentence imposed by the Court. First, Bibbins maintains the Court improperly sentenced him to two months incarceration at the Salvation Army Sanction Center once the Court determined Defendant was indigent and could not pay a fine, failing to consider other alternatives such as probation. Second, he contends the Court's punishment is excessive when considered in light of Defendant's good faith reliance on several privileges and his stated willingness to give his deposition. Third and finally, Bibbins argues the Court's restriction keeping him from working is illegal, not related to

the act of contempt and excessive under the circumstances.

Turning to Defendant's first contention, the Court carefully considered its options before imposing its sentence. Bibbins has misinterpreted the Court's ruling on this issue. Rather than imposing a sentence of incarceration the Court imposed a probationary sentence. Just because a condition of the probationary sentence required a two month stay at a half way house does not turn the sentence into one of imprisonment. Finding it necessary to inflict any punishment upon a witness found in contempt is not a pleasant task. The Court was very open to any range of punishment that would serve as an effective and adequate deterrent to Bibbins and other participants in the legal system who might be inclined to wilfully disregard and disobey the authority of the courts.

Given the Defendant's willful and repeated disobedience, the Court found it painfully but patently obvious that a sentence of incarceration was not only warranted but almost essential. The Court, in considering the sanctions available, simply stated it had the authority to either impose a fine or incarcerate Bibbins, but could not do both. This statement did not mean the Court thought that a fine was appropriate, rather the Court was referring to the two alternate methods of sanctioning a Defendant in order to punish his conduct and deter him and others from engaging in the same kind of misbehavior in the future. Because the Court determined Bibbins did not have the wherewithal to pay a fine, even if the Court thought such a punishment was appropriate, which the Court did not, the Court concluded some form of incarceration was the only available, effective option.

In the Court's view a three or four month period of incarceration would have been a reasonable response to Bibbins's conduct. However, because of Bibbins's evident health needs, the Court decided not to impose such a sentence. Contrary to Defendant's assertions, the Court did consider alternative means of sentencing, such as probation and in fact, sentenced Bibbins to five years probation, and imposed the two-month stay at the Salvation Army as a condition of his probation. The Court imposed this alternative form of punishment in spite of the Court's reservations that probation, rather than straight incarceration, might not serve the deterrent function the Court believes is necessary. In consequence, Bibbins argument the Court failed to consider all available sentencing options fails to justify the relief he seeks.

Bibbins next argues a new trial is justified because the Court's sentence imposes an excessive punishment. He maintains mitigating circumstances such as his good faith reliance on a layman's interpretation of the law and his present willingness to appear for the deposition justify a more lenient sentence. The Court has the power to impose those criminal sanctions necessary to "vindicate the authority of the court by punishing past acts of disobedience." *Downey*, 30 F.3d at 685. In vindicating its authority, the Court must consider what punishment is commensurate with the social harm caused by a defendant's actions *and* what must be done to deter such conduct in the future. In this case, the Court has expended substantial resources in securing Defendant's compliance with a simple, routine subpoena *duces tecum*. The underlying civil litigation has been unnecessarily delayed.

Because of Defendant's actions, the resolution of one, minor discovery dispute has taken nearly eight months. Entire cases have been successfully resolved in less time, with less effort. If such herculean efforts were necessary to enforce every court order, the justice system would grind to a halt. Defendant's contemptuous behavior has cost the Court time and energy. It has caused harm to society's interest in the efficient administration of justice. Simply stated, the defendant has flouted

the authority of the courts. Furthermore, deterrence of such behavior is essential to the Court's ability to function. As discussed above, Defendant's good faith belief about the propriety of his behavior neither provides an excuse for his actions, nor does it mitigate the harm his actions have caused.

The fact he is now willing to produce documents and furnish testimony that should have been provided months ago is of similarly slight relevance. If even a small number of litigants or witnesses engaged in contemptuous behavior such as that present here, and then, finally, when the Court was contemplating contempt, agreed to abide by the Court's rules and orders, the legal system would degenerate into chaos. In view of the deleterious nature of the Defendant's conduct, the Court believed incarceration, as opposed to a fine or probation was warranted. Due to Defendant's poor health, however, the Court fashioned a more lenient sentence. The Court therefore concludes Defendant's argument on this issue must fail. The sentence may be too lenient, but the Court does believe the sentence is proportionate to the harm Bibbins caused and is the minimum necessary to deter similar actions in the future.

▪▪▪ Finally, Defendant contends the Court imposed an illegal condition by restricting Bibbins from working while he is in the halfway house. Bibbins cites two cases, *United States v. Wilson,* 421 U.S. 309, 319, 95 S.Ct. 1802, 44 L.Ed.2d 186 (1975) and *Shillitani v. United States,* 384 U.S. 364, 371, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966), for the proposition a Court may exercise only "(t)he least possible power adequate to the end proposed." *Anderson v. Dunn,* 19 U.S. 204, 6 Wheat 204, 231, 5 L.Ed. 242 (1821). Relying on these cases, he argues the Court's sentence was excessive and unnecessarily punitive since he has now agreed to be deposed. The cases Bibbins cites are inapposite, however. Those cases deal with the Court's powers of civil contempt, where the sanctions were

imposed in an effort to secure compliance with a court order.

In this case, the Court was concerned with criminal contempt and designed the imposed sentence as punishment for Defendant's misbehavior and as a deterrent to others who might imitate his actions. For the reasons stated above, the Court believed a sentence of incarceration would have been the most appropriate sanction. The Court's decision not to impose such a sentence resulted only from concerns about Defendant's health problems. In crafting the alternative sentence of probation, the Court therefore attempted to approximate incarceration as closely as possible. If incarcerated, Defendant would not have been allowed to engage in any employment outside of the institution where he was incarcerated, and the Court believed a similar condition was a necessary component of the alternative sentence. Because, as discussed above, the Court's sentence fairly reflects the seriousness of his crime, Bibbins is not entitled to a new trial on this ground.

### B. Motion for Bail and Release Pending Appeal

The Court will **DENY** this motion. Defendant was not ordered detained so bail is not in issue. Title 18, United States Code, Section 3143(b) is inapplicable. Bibbins was not sentenced to a term of imprisonment nor was he ordered detained. He was sentenced to and is serving a probationary sentence.

▪▪▪ Assuming for the sake of argument the Court had imposed a term of imprisonment, this motion would still be denied. As stated above, the Court must find two circumstances are present before staying execution of a sentence pending appeal. In this case, the Court has already stated on the record that the evidence in this case unequivocally supports the Court's finding Bibbins was in contempt. The Court's review of the arguments advanced in support of Defendant's

motion for a new trial has not convinced it otherwise. Because Bibbins has failed to demonstrate his "appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial," bail and release pending appeal are not warranted in this case. Rather than posing a substantial question of law or fact, an appeal in this case would only be for purposes of delay. 18 U.S.C. § 3143.

## C. Motion for Alternative Sentencing

■ The Court will **DENY** this motion as well. Bibbins requests two months of home confinement as an alternative to incarceration at the Salvation Army. In support of this motion, Bibbins has provided information regarding his age and poor health. Both of these concerns were previously considered by the Court when the sentence was imposed. As Defendant's physical infirmities were what prompted the Court to impose the very sentence he received, they do not justify a modification of the terms of Defendant's probation at this time.

## IV. *CONCLUSION*

For the foregoing reasons, the Court will **DENY** the Motion for a New Trial (Court File No. 70), Motion for Alternative Sentencing (Court File No. 71), and Motion for Bail and Release Pending Appeal (Court File No. 69) filed by Defendant Alfred E. Bibbins.