UNITED STATES of America, Plaintiff–Appellee,

v.

Darryl Prevatte MITCHELL, Defendant–Appellant.

No. 02–1545.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

The defendant appeals a district court order denying his motion for release on bail pending appeal. The panel unanimously agrees that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

To establish entitlement to release pending appeal, a person found guilty of an offense and sentenced to a term of imprisonment must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a

term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir.1985). This statute creates a presumption against release pending appeal. *United States v. Vance,* 851 F.2d 166, 168–69 (6th Cir.), *cert. denied,* 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988).

The district court found that the defendant does not pose a danger to the community and is not a flight risk. Consequently, the sole issue to be determined is whether the defendant's appeal from his conviction and sentence, pending before this court in case No. 02–1546, raises a substantial question of law or fact. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard,* 778 F.2d at 1182 (internal quotation and citation omitted). Upon review, we conclude that a substantial question has not been raised for purposes of release under the bail statute.

The district court's order denying release pending appeal is AFFIRMED.