**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Claire E. FREEMAN, Defendant–
Appellant.**

No. 02–3622.

United States Court of Appeals,
Sixth Circuit.

Aug. 16, 2002.

Before: KENNEDY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.

*ORDER*

The defendant was convicted of theft from a federally funded program, mail fraud, and making a false statement to a financial institution relative to a loan application. She was sentenced to 18 months of incarceration. The district court denied the defendant's motion for release pending appeal on grounds that she had not raised a substantial issue of law or fact likely to result in reversal or new trial. The defendant appeals. Briefs have been filed, and the matter is ripe for decision. This panel is in unanimous agreement that oral argument would not significantly aid the decisional process. Fed. R.App. P. 34(a)(2)(C); Sixth Cir. R. 34(j)(2)(C).

A defendant found guilty of an offense and sentenced to a term of imprisonment shall be detained unless he shows 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir.1985). Under this statute, the burden is upon the defendant "to justify release on bail following conviction." *United States v. Vance*, 851 F.2d 166, 169 (6th Cir.), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988).

Although the district court did not make a specific finding, there does not appear to be any serious evidence that the defendant poses a danger or is a risk of flight. She was permitted the privilege to voluntarily

report to begin serving her sentence. Rather, the district court denied bail on grounds that she had not raised a substantial question of law or fact for appeal. This court's review of that determination is de novo. *Pollard,* 778 F.2d at 1182. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and ... the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Id.* (internal quotation and citation omitted). Upon review, we are in agreement with the district court's conclusion.

Therefore, the district court's order denying bail pending appeal is **AFFIRMED.**