**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Robert Grant SUTHERLIN; Stephen**
**L. Keller; Sterling Keith Drach,**
**Defendants–Appellees.**

**No. 03–6199.**

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, David P. Grise, Asst. U.S. Attorney, Patrick H. Molloy, Asst. U.S. Attorney, John Patrick Grant, Asst. U.S. Attorney, Lexington, KY, for Plaintiff-Appellant.

John D. Cline, Freedman, Boyd, Daniels, Hollander, Goldberg & Cline, Albuquerque, NM, Robert W. Tarun, Latham & Watkins, Chicago, IL, James A. Shuffett, Lexington, KY, for Defendants-Appellees.

Before ROGERS and COOK, Circuit Judges; and COHN, District Judge.*

*ORDER*

The government appeals a district court order granting motions by the co-defendants, Robert Grant Sutherlin, Stephen L. Keller, and Sterling Keith Drach, for release pending appeal from their convictions and sentences on charges of conspiracy to commit mail and wire fraud and other related offenses. We unanimously agree that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. See Fed. R.App. P. 9(b); 34(a).

As an initial matter, we note that on October 20, 2003, Stephen L. Keller failed to appear before the district court as directed. A bench warrant was issued on October 21, 2003. The controversy over whether Keller should be released pending appeal is moot in light of the district court's subsequent order that he be taken into custody. "When an order appealed from is unreviewable because of mootness, the appropriate thing for us to do ... is to vacate the order." *United States v. Taylor,* 8 F.3d 1074, 1077 (6th Cir.1993). Our analysis will be confined to the issue of whether the remaining defendants, Robert Grant Sutherlin and Sterling Keith Drach, have established that they are entitled to release pending appeal.

To establish entitlement to release pending appeal, a person found guilty of an offense and sentenced to a term of imprisonment must show 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Pollard,* 778

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

F.2d 1177, 1181 (6th Cir.1985). This statute creates a presumption against release pending appeal. *United States v. Vance*, 851 F.2d 166, 168–69 (6th Cir.), *cert. denied*, 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988). The government does not claim that the defendants are likely to flee or pose a danger to the safety of another person or the community. Consequently, the sole issue to be determined is whether their appeals raise a substantial issue for purposes of release under the bail statute. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182 (internal quotation and citation omitted).

Consistent with the holdings in both *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir.2002) and *Pollard*, 778 F.2d at 1182, we have applied de novo review to the district court's interpretation of the bail statute and reviewed the district court's underlying factual determinations for clear error. *See, e.g., United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir.2003). "Since the district court is familiar with the case, the district court is in an excellent position to determine in the first instance whether the defendant raises a substantial question on appeal." *Pollard*, 778 F.2d at 1182. The district court evaluated the defendants' request for release pending appeal under the criteria enumerated in § 3143(b). "In determining whether a question is 'substantial' as that word is used in 18 U.S.C. § 3143(b)(2), a judge must essentially evaluate the difficulty of the question he previously decided." *United States v. Shoffner*, 791 F.2d 586, 589 (7th Cir.1986). We conclude that this was done in the present case. Therefore,

the district court's order granting Robert Grant Sutherlin and Sterling Keith Drach release pending appeal is AFFIRMED. That portion of the order granting Stephen L. Keller release pending appeal is VACATED.