**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joe SABINO, Defendant–Appellant.**

No. 04–3499.

United States Court of Appeals, Sixth Circuit.

May 14, 2004.

Robert E. Lindsay, Alan Hechtkopf, Gregory V. Davis, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Kevin M. Schad, Schad & Cook, Indian Springs, OH, for Defendant–Appellant.

Before NORRIS, GILMAN, and ROGERS, Circuit Judges.

### ORDER

The defendant was convicted and sentenced for conspiracy to defraud the United States by obstructing the functions of the United States Internal Revenue Service. His conviction was upheld by this court, but the matter was remanded to the

district court for resentencing. *United States v. Sabino,* 274 F.3d 1053 (6th Cir. 2001), *modified by United States v. Sabino,* 307 F.3d 446 (6th Cir.2002), *cert. denied,* —— U.S. ——, 124 S.Ct. 52, 157 L.Ed.2d 24 (2003). The defendant now appeals the sentence entered on remand. (Case No. 04–3214). The government cross-appeals. (Case No. 04–3327).

The defendant had been released on bond during the trial and prior appellate proceedings. In view of the new appeal, he moved the district court for continued release on bond pending his appeal. The district court denied the motion. This appeal (Case No. 04–3499) is from the denial of bond pending appeal. *See* Fed. R.App. P. 9(b) (party may obtain review of a district court order regarding release by filing a notice of appeal or by filing a motion in the court of appeals).

A person found guilty of an offense and sentenced to a term of imprisonment must be detained unless a judicial officer concludes 1) by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of another person or the community, and 2) that the appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a sentence reduced to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b); *United States v. Chilingirian,* 280 F.3d 704, 709 (6th Cir.2002); *United States v. Pollard,* 778 F.2d 1177, 1181 (6th Cir.1985). This statute creates a presumption against release pending appeal. *United States v. Vance,* 851 F.2d 166, 168–69 (6th Cir.), *cert. denied,* 488 U.S. 893, 109 S.Ct. 231, 102 L.Ed.2d 220 (1988).

The district court denied continued release on bond pending appeal because the defendant had not raised any substantial appellate issues. "[A]n appeal raises a substantial question when the appeal presents a close question or one that could go either way and that the question is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard,* 778 F.2d at 1182 (internal quotation and citation omitted). We find no error in the district court's denial of bail pending appeal.

Therefore, the order denying release on bond pending appeal hereby is **AFFIRMED.**